NATHAN M. MARKHAM, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1.] The possession and occupancy of a house by a person, as a dwelling house, is sufficient evidence of ownership thereof in that person, to support an allegation in an indictment for larceny from the house, that the prisoner entered the dwelling house of that person.

[2.] When there is no evidence that a boarder hired a particular room to lodge in, it is not error in the Court to refuse to charge the jury, that the indictment ought to have charged the offense to have been committed in the hired lodgings of a boarder.

Larceny and new trial, from Fulton county. Decided by Judge BULL, October Term, 1857.

Nathan M. Markham was indicted for entering the house of Aaron M. Thomason, and stealing therefrom a silver watch, the property of Jeremiah Parker.

Upon the trial the Solicitor General introduced *John Cook,* who swore, that he was boarding at the house of Thomason; Parker and prisoner roomed together; Parker had been in the room two or three months; prisoner two or three days; Parker and witness went into the room one morning, Parker going to open his trunk which was not locked; *the same evening prisoner was sitting in the porch about sundown, intoxicated,* and remained there till 9 or 10 o'clock; witness, Parker and another man carried him in the room to bed, and as Parker was pulling off his shoes, something dropped on the floor, and a watch was found and picked up; this watch witness had seen Parker have before. They got the Marshal and carried prisoner to the calaboose; While there Parker told prisoner why they had taken him there; that they had found the watch in his shoe, and that the prisoner had broken open his trunk and taken it; prisoner said he had taken the watch off the washstand, and that he carried it to a jeweler's on Whitehall street; witness and Parker went to Marchal's; at the calaboose the prisoner did not deny that it was the watch

Markham vs. The State.

Parker claimed; witness had seen it in Parkers possession for months before.

*Joseph Marchal* sworn, testified, that prisoner brought a silver watch to witness's watchmaker's shop in August, and asked witness to repair it; after he left the watch he came back the same day or the day after; witness laid the watch on the show case and turned away, and when he looked again prisoner and the watch were both gone; it was the same watch as that brought to him by Parker.

*D. Brooks* swore, that he was with prisoner on the day that he was put in the calaboose, and that prisoner told him that he was going to Cleveland, Tennessee, that night; that he had a watch at the jeweler's to be repaired, which he wished to get before leaving; witness saw him again late in the evening; that he was drunk, sitting down and talking loud; witness took hold of his foot to shake him, to caution him not to talk so loud; felt something in his gaiter which he took out and found to be a small silver watch; witness put it back and left him.

No evidence was introduced by the prisoner.

The Court, among other things, charged the jury, " that if Aaron M. Thomason was in possession and occupancy of the house from which the watch was alleged to have been taken at the time it was taken, that this was *prima facie* evidence of ownership, and sufficient to sustain that part of the charge in the bill of indictment."

Defendant's counsel requested the Court to charge the jury, " that if they believed from the evidence that the watch was taken from the hired lodgings of a boarder in the house of Thomason, that the indictment should have so charged it, and that it was not sufficient to have charged that the watch was taken from the house of Thomason." This charge the Court refused to give, and the defendant's counsel excepted.

The jury found the defendant guilty, and he moved for a new trial on the following grounds:

1st. Because the verdict is contrary to the weight of evidence, and contrary to law.

2d. Because the Court refused to give the charge as requested by the defendant's counsel above set out.

3d. Because the Court charged the jury as above set out.

This motion was overruled by the Court, and the defendant excepted and filed his bill of exceptions, saying that the Court erred,

1st. In refusing to charge as requested by defendant's counsel.

2d. In charging the jury as he did charge.

3d. In refusing to grant a new trial upon the grounds taken in said motion.

HAMMOND & SON, for plaintiff in error.

SOL. GEN., *contra.*

*By the Court.*—MCDONALD, J. delivering the opinion.

[1.] The possession and occupancy of the house by Thomason, was evidence of such ownership thereof in him, as was sufficient to sustain the allegation in the indictment that the prisoner entered his dwelling house.

[2.] There was no evidence that the room from which the watch was stolen, was the hired lodgings of a boarder. A boarder lodged there, but there was no evidence that he had *hired* that particular room. There being no evidence to support the request made by the prisoner's counsel of the Court to charge the jury, it was not error in the presiding Judge to refuse it.

The verdict of the jury is well sustained by the evidence.

Judgment affirmed.