## FALVEY *v.* THE STATE.

1. Possession, shortly after a burglary, of goods stolen by the burglar, without satisfactory account of such possession, authorizes an inference that the possessor is the burglar; but though his way of obtaining possession was not honest, it may be sufficient to acquit him of burglary.

2. Unexplained possession of the stolen goods does not of itself authorize a conviction, but is a circumstance for the jury to consider. April 11, 1890.

Burglary. Criminal law. Charge of court. Before Judge RICHARD H. CLARK. Fulton superior court. September term, 1889.

Indictment for burglary, and verdict of guilty. The defendant excepted to the denial of a new trial, on the grounds mentioned in the decision, among others.

R. J. JORDAN, for plaintiff in error.

C. D. HILL, solicitor-general, by brief, for the State.

BLANDFORD, Justice.

Certain exceptions to the charge of the court were taken by the plaintiff in error.

1. One is that the court erred in charging that the defendant "must satisfactorily account for the way he got possession of the goods, to the satisfaction of the jury; and the jury must be satisfied that he did not get possession of them by committing any burglary or larceny, but that he got possession of them in an honest way, a different way, and it should be an honest way." We think this charge was error. When a house has been burglarized, and goods which were therein at the time of the burglary are shortly thereafter found in the possession of a person, the jury from that fact may infer that the party having possession of the goods, when they are not accounted for, was the burglar. But we think it is error to charge the jury that they must be satisfied that the accused did not get possession of the goods by committing any burglary or larceny, and that the defendant must show that he got them in an honest way, "a different way, and it must be an honest way." If the defendant could show that he got the goods from any person, whether it was in an honest way or not, the jury might consider the way in which he got the goods

(although it might not be in an honest way) sufficient to exempt the person accused from the crime of burglary.

2. Another charge complained of is this: "Now, gentlemen of the jury, as I have said to you, you have heard the circumstantial evidence. If the circumstantial evidence is such that you believe from the evidence the defendant was found in the possession of the goods, and the possession is unexplained, that fact of itself would be sufficient to warrant his conviction." We think that this charge was error. The accused being found in the possession of the goods would not of itself warrant his conviction. That would be a question for the jury to consider. If the defendant was found in possession of the goods shortly after the crime was committed, that would be a circumstance for the jury to consider in determining whether the defendant was guilty of the burglary or not. It is a matter for the jury to consider; it was not a question for the court to determine, as a matter of law, that that of itself would warrant a conviction for the offence charged. So we think the court committed error in this case, and there ought to be a new trial; and the judgment is      *Reversed.*