## KING *v.* THE STATE.

1. The failure of a person charged with a burglary which had been committed to satisfactorily account for personal property recently thereafter found in his possession is not a circumstance from which his guilt of this offense can be inferred, unless it appears that the goods in question had actually been taken from the house which had been broken and entered. The charge complained of in the present case did not aptly express the law above announced.

2. Upon the assumption that the goods found in the possession of the accused were actually taken from the house which had been broken, and that it was therefore incumbent upon him to satis-

factorily explain the manner in which he had obtained them, the evidence introduced in his behalf was seemingly sufficient to show that his possession was honestly acquired.

Submitted October 6,—Decided October.19, 1896.

Indictment for burglary.  Before Judge Butt.  Muscogee superior court.  May term, 1896.

*Blandford & Grimes*, for plaintiff in error.

*S. P. Gilbert, solicitor-general*, contra.

LUMPKIN, Justice.

1.  The plaintiff in error was convicted of the crime of burglary.  The State's contention was, that he broke and entered a house, within the curtilage of the prosecutor's dwelling-house, with intent to steal certain chickens, and did actually steal the same.  The evidence showed that the house in question was broken, and that a theft of chickens therein contained was committed.  The material issue in the case was whether or not the accused was the guilty party.  It also appeared that the prosecutor had some chickens in a coop, and that they disappeared simultaneously with those in the house.  The offense was committed at night.  There was no direct evidence to show the guilt of the accused, but the State relied mainly upon the fact that on the next morning he was found in possession of chickens belonging to the prosecutor, which had previously been either in the house or in the coop, or perhaps some of them may have been in one and some in the other.  It does not affirmatively and distinctly appear, however, that the accused had in his possession *any* of the chickens which were taken from the *house*.  Upon this state of facts, a charge in the following language was not fair to the accused, and did not present the true law of the case: "If he [the accused] has not satisfied you from the testimony in the case, and he was found in the possession of them [the chickens], and a burglary had been committed, then, gentlemen, you would be authorized to return a verdict of guilty against him."

In the light of what is said above it is apparent that the court should have qualified this charge by further instructing the jury that, in order to justify a conviction of burglary, it was, in any view of the case, essential that they should be satisfied from the evidence that the chickens found in the possession of the accused were taken from *the house* which had been burglariously broken and entered. We therefore think that the giving of the charge above quoted is cause for a new trial.

2. We the more readily grant one in the present case for another reason. Even assuming that the accused was in possession of chickens which had been taken from the house, and that it was therefore incumbent upon him to satisfactorily explain how he obtained them, the evidence introduced by him in this connection was seemingly sufficient to show that he came honestly by the chickens he had. Three witnesses, whose testimony was in no material respect contradicted, testified that they saw the accused buy the chickens from a boy who publicly offered them for sale just outside the market-house on the morning following the burglary; and that the accused immediately, and without hesitation, surrendered them to the prosecutor when they were identified and demanded by the latter. We do not see why the jury should not have accepted as true the testimony of these witnesses, none of whom were impeached.

In expressing our opinion as to the sufficiency of this evidence, we do not wish to be understood as holding that the accused was under any obligation of showing that he acquired possession of the chickens *honestly*, though in the present case the explanation offered would seem to justify the conclusion that he purchased them in entire good faith. Any explanation which negatived his commission of, or participation in, the burglary, would have sufficed. *Falvey* v. *The State*, 85 *Ga.* 157. In this case, therefore, the accused undertook, successfully we believe, to go even further than the law requires in accounting for his possession of the stolen property.                    *Judgment reversed.*