## DAVIDSON v. THE STATE.

1. Where in the trial of a burglary case the court instructed the jury as follows: "The court charges you that when a burglary is shown to have been committed and the recent possession of the stolen property is shown in the defendant or defendants, unless such possession be accounted for in some honest, satisfactory way, that is evidence which the jury is authorized to consider in determining the guilt of the accused, and upon which to base a verdict if it be satisfactory for that purpose," the use of the words, "in some honest, satisfactory way," in the connection in which they were employed by the court, was not erroneous, such words, so used, evidently meaning that the account given by the defendant of his possession of the stolen goods should be honest and satisfactory, and not that the defendant should show that he obtained possession of them honestly.

2. There was ample evidence to support the verdict rendered by the jury.

Submitted July 5, — Decided July 19, 1898.

Indictment for burglary. Before Judge Sweat. Ware superior court. April term, 1898.

The indictment charged C. H. Bartrain and John Davidson with burglary by breaking and entering a designated storehouse with intent to steal goods therefrom. Bartrain pleaded guilty. Davidson was tried and found guilty. A new trial was denied, and he excepted. The main evidence against him was, that he kept company with Bartrain, and when arrested was carrying a bag containing some of the stolen property and some burglar's tools. In his statement he denied having participated in the burglary, and Bartrain testified to the same effect. In rebuttal there was testimony that after the commitment trial Bartrain called for and voluntarily stated to a witness that he had come to Waresboro, where he found Davidson and asked him if he knew where he could crack a safe; that Davidson asked how much he would give him if he carried him to one, and he said twenty or twenty-five per cent.; that Davidson carried him to the storehouse which was broken, and that he and Davidson went into the same and took fifteen or twenty dollars worth of goods. The grounds of the motion for new trial appear in the opinion.

*Leon A. Wilson,* for plaintiff in error.
*John W. Bennett, solicitor-general,* contra.

FISH, J. 1. It is alleged that the court erred in charging the jury as follows: "The court charges you that when a burglary is shown to have been committed and the recent possession of the stolen property is shown in the defendant or defendants, unless such possession be accounted for in some honest, satisfactory way, that is evidence which the jury is authorized to consider in determining the guilt of the accused, and upon which to base a verdict if it be satisfactory to the jury for that purpose." The assignment of error upon this charge is, "that it submitted, as a correct principle of law, that where a burglary is shown to have been committed and the recent possession of the stolen property was shown in the defendant or defendants, that is evidence which the jury is authorized to consider in determining the guilt of the accused and upon which to base a verdict, unless such possession be accounted for by the defendant in some honest, satisfactory way; the true rule in such cases being that the acquisition of the stolen goods, by any means whatever other than by participating in the offense involved in the trial, will be a sufficient accounting for the possession to neutralize the effect of that possession as evidence tending to prove guilt." While the portion of the charge which is quoted in this exception may be open to some criticism, we do not think it is erroneous in the particular set forth in the assignment of error. The plaintiff in error relies upon the case of *Falvey* v. *State*, 85 *Ga.* 157. In that case the court below, in charging the jury in reference to recent possession of goods stolen from the house at the time of the burglary, instructed them as follows: "The jury must be satisfied that he did not get possession of them by committing any burglary or larceny, but that he got possession of them in an honest way, a different way, and it should be an honest way." This was held to be erroneous, because the explanation by the defendant of his possession of the stolen property might be satisfactory, so far as the charge of burglary was concerned, even though it showed that he did not get it in an honest way.

As we understand the charge of the court in the present case, it does not contravene this principle. It seems to us clear that the adjective "honest," in the connection in which it was

used by the court, refers to the account, that is, the explanation of the possession, and not to the character of the possession, or the way in which it was acquired. The word seems to have been used in the sense of truthful. The adjectives "honest" and "satisfactory" are used together, and from the employment of the latter in connection with the former we think it is very clear that both have reference to the account, or explanation, given of the possession. The court, in effect, charged the jury that if the burglary was established and the defendant was shown to have been in the recent possession of the stolen property, that was evidence which the jury was authorized to consider and upon which to base a verdict, if they deemed it satisfactory for that purpose, unless the defendant honestly and satisfactorily explained such possession. Certainly it would not have been erroneous to have charged that the explanation of the possession of the stolen goods should be satisfactory to the jury. We do not see how a jury could believe that an explanation was satisfactory unless they believed it was an honest one. If they believed it was a dishonest explanation, they could not believe it was a satisfactory one. An honest possession is one thing, and an honest account of a possession is another thing. An honest account may be given of a dishonest possession. The difference between the case cited and the one at bar is very apparent. In the former the court charged the jury that the defendant must have got possession of the goods in an honest way; in the present case the court charged the jury that the defendant should explain his possession in an honest way. While the use of the word "honest" was not necessary, and the meaning of the court possibly might have been somewhat clearer if it had not been employed, we do not think the jury could have been misled by it.

2. There was ample evidence to support the verdict rendered by the jury.

*Judgment affirmed. All the Justices concurring.*