## WILLIAMS *v.* THE STATE.

Recent possession of the stolen goods was sufficiently explained in this case, and, there being no other evidence to connect the defendant with the burglary, there was not sufficient evidence to authorize a conviction.

Submitted April 16,—Decided May 11, 1906.

Indictment for burglary. Before Judge Martin. Irwin superior court. February 5, 1906.

Bully Williams and James Holloman were jointly indicted for burglary. Williams was tried separately, and convicted. He moved for a new trial upon the ground, among others, that the verdict was without evidence to support it. The motion was overruled, and he excepted. The burglary was committed in Fitzgerald on May 14, and about two weeks later the goods were found in the possession of L. J. Joel, at Brunswick. Joel was not introduced as a witness, but it appears from the evidence that the goods were shipped to L. J. Joel over the railroad from Tifton (27 miles from Fitzgerald), May 16, and were delivered at Brunswick on the 19th. The railroad agent at Brunswick testified, that the defendant signed the receipt "R. Tessal," and obtained the goods from the railroad company, and that "that was the only shipment for L. J. Joel from Tifton at about that time." There was evidence that at Brunswick the defendant made several inquiries for the goods before they came, and that upon their arrival he signed the name "R. Tessal," obtained the goods, employed a drayman, and with the drayman carried them from the depot to Joel's store where Joel paid the drayage. There they remained in Joel's possession until discovered by means of a possessory warrant on May 29. In his statement the defendant denied any knowledge of the transaction, and denied being in Brunswick or having anything whatever to do with the goods. He said he lived in Waycross and knew nothing whatever about the burglary. The defendant introduced a witness who testified that he (the witness) lived in Tifton, and on May 15 worked all day for Jim Holloman, and on that day hauled a box of goods for Jim Holloman to the depot to be shipped to L. J. Joel at Brunswick. He left the goods at the depot, and supposes Holloman gave directions about shipping. Witness did not know the defendant, and had never seen him until the defendant was brought to Fitzgerald. There was no eye-witness to the commis-

sion of the crime; and the State, after proof of the burglary, relied upon the theory of recent unexplained possession of the stolen goods, in order to connect the defendant with the commission of the offense.

*Jay & Jay,* for plaintiff in error.

*E. D. Graham, solicitor-general,* contra.

ATKINSON, J. The principle upon which the State rests its contention for a conviction is well founded in law, but the facts will not justify a conviction in this case. The defendant's possession of the goods is fully accounted for by the evidence. His only connection with them is by receipt from the railroad for L. J. Joel, upon consignment by Holloman. In explaining his possession the defendant is not obliged to show that he acquired the goods honestly. It is sufficient that he show that they came into his custody in any other way than by burglary. *King* v. *State,* 99 *Ga.* 688; *Falvey* v. *State,* 85 *Ga.* 157. See also *Grantham* v. *State,* 95 *Ga.* 459. This was accomplished when it was shown by the undisputed evidence that they were delivered to the railroad company by Holloman at Tifton for shipment to Brunswick. The defendant's possession having been accounted for in this way, it was necessary for the State to produce further evidence than was offered in this case tending to connect the defendant with the offense of burglary, in order. that his possession of the stolen goods might be a sufficient circumstance upon which to base a verdict of guilty of that offense.

*Judgment reversed. All the Justices concur.*