605. WILEY, *alias* STINSON, *v.* THE STATE.

1. The verdict was authorized by the evidence, and no error is assigned which would require the grant of a new trial.
2. "The rule is too well settled to be disturbed, that the possession of stolen property immediately after it is stolen puts upon the possessor the burden of proving that his is not a guilty possession."
3. "A verbal inaccuracy in a charge resulting from a palpable slip of the tongue, and which clearly could not have misled the jury, is not cause for a new trial," especially when this "slip of the tongue" occurred in immediate connection with correct instructions upon the same subject twice repeated.
4. An exception to a charge not erroneous in the abstract must point out its specific defect, and the attention of the court must be specifically directed to the error in the instruction alleged to be erroneous. A written request should be made where instructions on a special defense are desired.

Accusation of larceny from house, from city court of Sylvester —Judge Park. June 12, 1907.

Argued July 18,—Decided November 25, 1907.

*Payton & Hay,* for plaintiff in error.

*J. H. Tipton, solicitor,* contra.

RUSSELL, J. The plaintiff in error was convicted of larceny from the house. In his motion for new trial, which was overruled, he makes various complaints (as to the insufficiency of the evidence, and as to certain alleged errors contained in the charge of the court), which are presented for our consideration by the bill of exceptions.

1. It is insisted that the evidence, while showing that the umbrella in question was stolen, fails to prove the defendant guilty of the theft; that the circumstances attending the defendant's possession,—its publicity and the bona fides of his claim of right,— themselves afforded a sufficient explanation of his possession of the

stolen property. The evidence does show that the accused was found with the umbrella in board daylight, on the streets of the city of Sylvester, on the afternoon of the very day on which it was stolen; that he made no effort whatever to conceal it; and that when the prosecutor accosted him about it he told him from whom he had borrowed it, and insisted on his right to keep it and return it to the person from whom he had borrowed it. All of these circumstances, however, were subject-matter of consideration by the jury; and we can not say that they did not attach proper importance to them in weighing the defendant's explanation of his possession and balancing it with the fact of the actual possession of the stolen property, especially as the record discloses that the defendant told the prosecutor. that he got the umbrella from one William Johnson, who was not produced or accounted for,—was unknown to any of the witnesses in the case,—and the defendant in his statement said that he got the umbrella from John Wiggins, who appeared likewise to have been unknown to any one connected with the case.

A further contention of the plaintiff in error is, that the evidence is silent as to the ownership of the house; that the location of the house is not proved as laid in the accusation; that the evidence does not show what kind of house it was and whose it was; that the umbrella was left in a house in course of construction, and the evidence, therefore, is not sufficient to support a verdict of guilty of larceny from the house, even though the defendant might be guilty of simple larceny. We find nothing in the evidence which would compel the conclusion that the house was in course of construction. If such was the fact, the defendant should have brought it out in the evidence. The testimony of the prosecutor was that he lost the umbrella at Mr. Strangward's new house, and that he had it in the china-closet, between the dining-room and the kitchen, inside the house. We think this testimony sufficiently proves the ownership of the house, and that the house was such as that larceny from the house could be committed therefrom or therein; and that the testimony does not raise any inference that the house was incomplete,—so incomplete as to. affect the question of the defendant's guilt of the offense as charged. In view of the fact that old houses are frequently remodeled or repaired, we do not think that the testimony of the prosecutor that he was

working on the stairway compels the conclusion that the house in question, although it is testified to be a new house, was not sufficiently completed to be fit for use as a house. As we have heretofore held, in *Glaze* v. *State*, 2 *Ga. App.* 705 (58 S. E. 1126), the offense of larceny from the house is complete when one steals from *any* house anything of value. Penal Code, §178.

There was no evidence that the defendant was of unsound mind, in the legal meaning of that term, and the charge of the court upon that subject was more favorable to the defendant than was required. The cases of *Mitchell* v. *State*, 103 *Ga.* 17 (29 S. E. 435), *Williams* v. *State*, 125 *Ga.* 268 (54 S. E. 166), and *Calloway* v. *State*, 111 *Ga.* 832 (36 S. E. 63), are cited by counsel for plaintiff in error, with the statement that the evidence in the case at bar is by far weaker than was the evidence in any of the above-mentioned cases, and that in each of them the Supreme Court held the evidence to be insufficient. We do not think any of these cases in point. In the *Mitchell* case the judgment was reversed entirely upon the evidence of the good character of the defendant. The conclusion of the court is summed up in the single sentence: "This case is an illustration of how valuable a good character is to an individual." The defendant in the case at bar did not put his character in issue. In the *Williams* case the defendant was convicted of a burglary committed at Fitzgerald. In such a case the defendant is not obliged to show that he acquired the goods honestly, but only to show that they came into his custody in some other way than by burglary. Williams did this by proving that they were shipped from Fitzgerald by another person, and that his only connection with the goods was receiving them from the railroad in the city of Brunswick. In the *Calloway* case a new trial was granted because the possession of the goods was not recent. There is nothing in what is here ruled which is in conflict with the decisions in *Markham* v. *State*, 25 *Ga.* 52, *Trice* v. *State*, 116 *Ga.* 602 (42 S. E. 1008), or *Farlinger* v. *State*, 110 *Ga.* 313 (35 S. E. 152), cited by counsel for plaintiff in error. The prosecutor testified that it was Strangward's house, and no question was raised by the evidence as to the possession or occupancy of the house.

2. When the evidence for the State showed the defendant in possession of the stolen property almost immediately after its loss,

the burden was imposed upon him of explaining his possession. He failed to carry this burden to the satisfaction of the jury. "The rule is too well settled to be disturbed, that the possession of stolen property immediately after it is stolen puts upon the possessor the burden of proving that his is not a guilty possession." *Daniel* v. *State,* 65 *Ga.* 200.

3. In one portion of his charge, after having twice explained, very favorably to the defendant, the rule with reference to accounting for the possession of stolen goods, the trial judge instructed the jury that "the defendant is *not* required to satisfactorily explain his possession of recently stolen property." In the sentence immediately preceding this the court had just correctly instructed the jury upon this subject. And immediately following the extract quoted, to which exception is taken, the judge used this language: "If, after considering all the evidence in the case, there appears a reasonable doubt of his guilt as charged in the accusation, then he should be acquitted." When we consider the language excepted to, in connection with the absolutely fair and correct instructions of the judge immediately preceding it, and his language immediately following it, we are compelled to conclude that the use of the word *not* was merely "a slip of the tongue." The language employed was certainly not harmful to the defendant; and if it was so considered, the defendant should have called the attention of the court to the matter at the time. A mere slip of the tongue, under such circumstances, will not warrant the grant of a new trial. *Wilson* v. *State,* 66 *Ga.* 594 (1); *Sou. Bell Tel. Co.* v. *Jordan,* 87 *Ga.* 69 (5), (13 S. E. 202); *Hoxie* v. *State,* 114 *Ga.* 19 (39 S. E. 944); *Berry* v. *Clark,* 117 *Ga.* 964 (2), (44 S. E. 824); *So. Ry. Co.* v. *Merritt,* 120 *Ga.* 409 (47 S. E. 908); *Blackshear* v. *Dekle,* 120 *Ga.* 767 (3), (48 S. E. 311).

4. In the 7th ground of the motion for new trial, exception is taken to the following charge of the court: "You take into consideration what you see in the case about his mental capacity to commit a crime, whether or not he knew it was or was not his property; then, if you decide that he was mentally capable of committing the crime alleged against him, beyond a reasonable doubt, it would be your duty to find him guilty." The assignment of error is in these words: "Defendant submits and insists that this is

not a correct charge to the jury of the law when it is contended that he is not of sound mind; and the defendant was entitled to have the law pertaining to his case submitted to the jury." The assignment of error was not sufficiently specific to present the error, if any, to the court and to enable the court intelligently to decide the question. A charge may or may not be erroneous, dependent largely upon its connection, upon what preceded and followed it, and upon its analysis by comparison with the general charge; it may be erroneous because unauthorized by the evidence or inapplicable to the law of the case. There may be so many reasons why a charge may be erroneous that it is the duty of him who assigns error to point out exactly where the error lies. We do not think the excerpt from the charge quoted is error; and if it is erroneous at all, it is because it is more favorable to the defendant than is justified by law, and certainly much more favorable to the defendant than was required by the evidence. The only hint which the testimony disclosed that the defendant defended upon the ground that he was of unsound mind is in two sentences in the testimony of two of the witnesses. The prosecutor, at the conclusion of his cross-examination, states that "the defendant appeared to be in the same mental condition then as now; I am not able to judge whether he acted as a foolish man or not;" and the sheriff testified, on cross-examination: "I don't remember much about his mental condition when I turned him out of jail, and have not paid much attention to him since." It does not clearly appear from the assignment of error, or from any portion of the record, that the defendant insisted, in the court below, upon insanity as an express defense; and certain it is that no witness testified to anything which would even indicate that the defendant was of unsound mind, in the legal acceptation of that term. The decision in *Rouse* v. *State* 2 *Ga. App.* 184 (58 S. E. 416), which is cited by counsel for the plaintiff in error, is not in point. The court, without request, presented to the jury a defense which (in view of the presumption of sanity) must be established. It was presented *more favorably* to the defendant than he was entitled to expect; and certainly, in the absence of a written request for fuller instructions on this special defense, he can not, under these circumstances, be heard to complain. Where a special defense is relied upon and explicit instructions are desired in reference

thereto, or for any reason it is desired that the attention of the jury be especially directed to such special defense, a timely request in writing should be preferred. See *Shaw* v. *State,* 102 *Ga.* 660 (3), (29 S. E. 477). Where the judge presents the controlling issues, mere failure or omission to charge upon minor points, to which his attention is not called at the time, is not ground for a new trial. *Thomas* v. *State,* 95 *Ga.* 485 (4), (22 S. E. 315).

<em>Judgment affirmed.</em>