### 4618. MILLER v. THE STATE.

The undisputed evidence being that the property described in the accusation was stolen by a person other than the accused, and it not being shown that the accused had any connection with the larceny, his conviction of that offense was unauthorized, even though a verdict finding him guilty of receiving stolen goods might have been warranted.

DECIDED APRIL 2, 1913.

Accusation of larceny; from city court of Fitzgerald—Judge Wall. December 30, 1912.

*Haygood & Cutts,* for plaintiff in error.

*A. J. McDonald, solicitor,* contra.

POTTLE, J. The accused was convicted of the larceny of several sacks of oats. The undisputed evidence shows that the oats were stolen by another person, and were hauled to the barn of the accused in the nighttime, during his absence. The accused claimed that he contracted to buy the oats in good faith, without any knowledge that they were to be stolen. The circumstances shown by the evidence are perhaps sufficient to justify the inference that at the time the oats were placed in the barn, the accused knew they had been stolen. There is, however, nothing in the evidence to connect him with the larceny; and, under the decisions of the Supreme Court in the cases of *Minor* v. *State,* 58 *Ga.* 552, and

*Springer* v. *State,* 102. *Ga.* 447 (30 S. E. 971), he could not be convicted of that offense. . The presumption of guilt arising from the recent possession of stolen property, unexplained, was overcome by uncontradicted evidence that one other than the accused was the thief. *Judgment reversed.*