7496. ROBINSON *v.* THE STATE.

WADE, C. J. 1. The exception that the court did not clearly instruct the jury upon whom the burden of proof rested is without merit, when considered in connection with the entire charge, including the instructions given touching the presumption of innocence, the nature and character of proof necessary, the value of circumstantial evidence, and the doctrine of reasonable doubt.

2. In the light of the entire charge of the court, the exception that the court did not sufficiently instruct the jury that if they found the burning to be accidental, they should acquit the defendant, is without merit. The court charged the jury "that where a burning is shown, the law raises the presumption that it is an accidental burning, or burning from accidental causes, rather than an intentional, or wilful and malicious burning." "In the absence of a written request, the failure of the judge to charge the jury that 'the law presumes every fire to be accidental, until the contrary appears, where a man is charged with the offense of arson,' is not reversible error." *Randall* v. *State*, 3 *Ga. App.* 653 (60 S. E. 328).

3. There is no merit in the remaining special grounds of the motion for a new trial, the evidence sufficiently supported the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED JULY 6, 1916.

Indictment for arson; from Dougherty superior court—Judge Cox. April 14, 1916.

*Peacock & Gardner, R. J. Bacon, R. H. Ferrill,* for plaintiff in error. *R. C. Bell, solicitor-general, F. A. Hooper,* contra.