## 7661. PRITCHETT v. THE STATE.

WADE, C. J. 1. The court charged the jury fully as to the presumption of innocence, and instructed them that they would not be authorized to convict the defendant unless the evidence introduced satisfied their minds beyond a reasonable doubt of his guilt. It is alleged that the trial judge erred because he "did not inform the jury in this connection that the burden of proof was upon the State of Georgia to prove the guilt of the defendant beyond a reasonable doubt, before they would have a right to convict." There is no merit in this assignment of error. "An explicit and comprehensive charge on the subject of reasonable doubt, wherein the jury are instructed in effect that if after considering the entire case they should have a reasonable doubt of the defendant's guilt it is their duty to acquit, sufficiently informs the jury that the burden is on the State to prove the defendant's guilt." *Thomas v. State,* 129 *Ga.* 419 (4), 423 (59 S. E. 246).

2. The court did not err in charging the jury that if they believed, from the evidence, that the house was burglarized and a certain article stolen therefrom at the time of the burglary, and that the defendant was in possession of the stolen article a short time after the burglary, it would devolve upon him to explain that possession in some way consistent with his innocence of the crime of burglary. *Daniel v. State,* 65 *Ga.* 200; *Wiley v. State,* 3 *Ga. App.* 120 (2), 122 (59 S. E. 438). See, in this connection, *Gravitt v. State,* 114 *Ga.* 841, 842 (40 S. E. 1003, 88 Am. St. R. 63); *Scott v. State,* 119 *Ga.* 425 (46 S. E. 637).

3. The defendant, by evidence, sought to show that he was not in fact present or in company with the witnesses for the State at the time and place at which, according to their testimony, they purchased from him the stolen property. He introduced no evidence tending to show his absence from the scene of the crime at the time of its commission, or to exclude the possibility of his presence. Penal Code, § 1018. In the absence of a timely request in writing, the court did not err in omitting to instruct the jury as to a mere contention of the defendant that he did not, after the commission of the crime, do a certain act tending to connect him therewith. The trial judge, when not requested to do so, is not required to present in detail to the jury the various contentions of one accused of crime, but it is sufficient if he charges the law applicable to the case, without referring to one of several theories of defense. This ruling applies to both the 3rd and the 4th grounds of the amendment to the motion for a new trial.

4. The evidence sufficiently supported the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed.*

DECIDED OCTOBER 31, 1916.

Indictment for burglary; from Bibb superior court—Judge Mathews. June 24, 1916.

*John R. Cooper,* for plaintiff in error.

*John P. Ross,* solicitor-general, contra.