### 8747. WATTS *v.* THE STATE.

1. Refusal to grant a continuance on account of the absence of a witness was not an abuse of discretion, where it appeared that the witness was not in this State and had not been subpœnaed, and it did not appear that the witness was a permanent resident of this State or would ever again come into the State, although the party requesting the continuance stated that he thought he could "get the witness."

2. Exceptions on the ground that the judge failed "to charge the jury the law with reference to the burden of proof in connection with his charge on the presumption of innocence" are without merit, full instructions being given on the presumption of innocence and on their duty to acquit if they should have a reasonable doubt of the guilt of the accused.

3. Failure to charge as to the duty of a jury in considering conflicting testimony of different witnesses did not entitle the accused to a new trial, there being no request for a charge on that subject, and the only testimony in the case being that of a single witness for the State.

DECIDED JUNE 13, 1917.

Conviction of assault; from Bartow superior court—Judge Tarver. March 10, 1917.

*J. R. Whitaker,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.

WADE, C. J. 1. Conceding that the defendant exercised diligence after learning that an indictment had been returned against him, and that it was impossible for him to procure the attendance of the absent witness, then without the limits of the State, who had never been subpœnaed, it does not appear that this witness was a permanent resident of this State, or that she was only temporarily absent therefrom, or that she would ever again come within its limits or jurisdiction, notwithstanding the defendant's statement that he "thought he could get the witness;" and the trial judge did not abuse his discretion in overruling the motion for a continuance. See *Fudge* v. *State,* 18 *Ga. App.* 312 (89 S. E. 374), where it was held: "In the absence of evidence affirmatively showing that the witness who was said to be in Florida was only temporarily beyond the limits of this State, or tending to show that he would probably be present at the next term of court, the trial judge, in overruling the motion for a continuance, did not abuse the discretion vested in him."

2. The court gave full instructions as to the presumption of innocence and the doctrine of reasonable doubt, and there is no merit in the 7th ground of the amendment to the motion for a new trial, complaining of the failure "to charge the jury the law with reference to the burden of proof in connection with his charge on the presumption of innocence." "An explicit and comprehensive charge on the subject of reasonable doubt, wherein the jury are instructed in effect that if after considering the entire case they should have a reasonable doubt of the defendant's guilt it is their duty to acquit, sufficiently informs the jury that the burden is on the State to prove the defendant's guilt." *Thomas* v. *State,* 129 *Ga.* 419 (4) (59 S. E. 246). See also *Pritchett* v. *State,* 18 *Ga. App.* 737 (90 S. E. 492) ; *Robinson* v. *State,* 18 *Ga. App.* 394 (89 S. E. 434).

3. There is no merit in the 9th ground of the amendment to the motion for a new trial, complaining of the failure of the court to instruct the jury "as to the credibility of the witness and the weight of the evidence  .  . , to the effect that if there are con-

flicts in the evidence, material conflicts, conflicts about material matters, it is the duty of the jury to reconcile the same as to make all witnesses speak the truth and not to impute perjury to any one, but if [after] an honest effort to so reconcile the evidence they can not do it, it is the duty of the jury to believe that witness or those witnesses who have the best means of knowing the facts about which they testify and the least inducement to swear falsely, provided they be of equal credibility." There was no timely written request for any specific instructions along this line; and in addition to this fact, it appears that but one witness was sworn for the State, and that no evidence was introduced in behalf of the defendant, who made a statement denying his guilt, and that the court fully instructed the jury as to the weight and value they might attach to the defendant's statement.

4. The remaining special grounds of the motion for a new trial are without merit and do not require special reference. The evidence authorized the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. George and Luke, JJ., contra.*