### 10886.   SLAUGHTER *v.* THE STATE.

The offense charged in the indictment being simple larceny, and the guilt of the accused being wholly dependent upon inference arising from possession of the article alleged to have been stolen, and this possession being shown by uncontradicted and unimpeached testimony to be consistent with his innocence of the offense charged, though he may have been guilty of the offense of receiving stolen goods, the conviction of the accused was unauthorized.

DECIDED NOVEMBER 7, 1919.

Indictment for larceny; from Terrell superior court—Judge Worrill. August 18, 1919.

*W. H. Gurr,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold,* contra.

BLOODWORTH, J. We find no merit in any of the grounds of the amendment to the motion for new trial.

In *Hampton* v. *State,* 6 *Ga. App.* 778 (65 S. E. 816), it was held: "The defendant's guilt of the crime of burglary being wholly dependent upon the inference arising from the possession of stolen goods after the burglary, and this possession being shown by uncontradicted and unimpeached testimony to be consistent with defendant's innocence of burglary, though he may have been guilty

of receiving stolen goods, the verdict was contrary to the evidence, and a new trial should have been granted." This ruling was followed in *Gibbs* v. *State*, 8 *Ga. App.* 107 (68 S. E. 742), where Judge Russell said: "Upon the evidence submitted the conviction of the defendant was not authorized. The corpus delicti was proved, it is true, but the only circumstance connecting the defendant with the perpetration of the offense was the possession of part of the stolen property, and this possession was so explained by uncontradicted testimony as necessarily to rebut the inference arising from possession of the stolen property. The decision must be controlled by the ruling in *Hampton* v. *State*, 6 *Ga. App.* 778 (65 S. E. 816), and similar cases. If the witness who corroborated the defendant's statement had been impeached or discredited in any way, we should not feel authorized to disturb the verdict. If there were any circumstances which would supply a reason why the jury did not believe this witness, we would not interfere. If there had been any testimony that the witness was unworthy of belief, on account of general bad character or of a conflict between portions of the witness's own testimony,—if the witness had made contradictory statements either previously or upon the trial, or if there had been any evidence directly or circumstantially in conflict with her testimony, the verdict would be authorized; but a jury can not arbitrarily disregard testimony which is wholly unimpeached and not contradicted, unless it is in relation to a matter which is unreasonable or impossible. If, upon another trial, the witness is shown by testimony to be unworthy of credit, for any legal reason or by any method provided by law, the testimony delivered upon this trial might be discredited and the jury authorized to disregard it; but in the absence of some testimony to this effect upon the trial now under review, it appears to us that the jury merely arbitrarily disregarded uncontradicted and unimpeached evidence; and it is beyond their power to do this in any case." See also *Williams* v. *State*, 125 *Ga.* 268 (54 S. E. 166); *Brooks* v. *State*, 21 *Ga. App.* 661 (94 S. E. 810). Applying these rulings to the facts in this case, the judge erred in overruling the motion for new trial.

*Judgment reversed. Luke, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. I think that the jury were authorized to find that the defendant's explanation of his recent

possession of the stolen property was not satisfactory to them. The witness introduced by the defendant to corroborate his statement does not corroborate all of the defendant's explanation as given in the statement, but on the contrary contradicts it in material parts. In my opinion the judgment should be affirmed.