### 16231.  JACKSON v. THE STATE.

LUKE, J.  "The offense charged in the indictment being simple larceny, and the guilt of the accused being wholly dependent upon inference arising from possession of the article alleged to have been stolen, and this possession being shown by uncontradicted and unimpeached testimony to be consistent with his innocence of the offense charged,  .  . the conviction of the accused was unauthorized." *Slaughter* v. *State*, 24 *Ga. App.* 428 (100 S. E. 774).

> *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*
>
> DECIDED APRIL 15, 1925.

Conviction of larceny of automobile; from Fulton superior court —Judge Humphries.  December 27, 1924.

*H. A. Allen, William Schley Howard,* for plaintiff in error.

*John A. Boykin, solicitor-general, Ralph H. Pharr,* contra.

---

### 16281.  GAFFORD v. THE STATE.

BROYLES, C. J.  1.  In the light of all the facts of the case, none of the special grounds of the motion for a new trial (many of which are too incomplete and defective to be considered) requires a reversal of the judgment below.

2. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
>
> DECIDED APRIL 15, 1925.

Conviction of manslaughter; from Thomas superior court— Judge W. E. Thomas.  January 26, 1925.

*James B. Burch,* for plaintiff in error.

*Clifford E. Hay, solicitor-general, W. H. Hammond,* contra.