21685. TURNER *v.* THE STATE.

DECIDED NOVEMBER 11, 1931. REHEARING DENIED DECEMBER 15, 1931.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

PER CURIAM. The defendant Leroy Turner was convicted of manufacturing liquor, and excepts to the overruling of his motion for a new trial.

■ The allegation in the motion for a new trial that "the verdict is contrary to evidence and without evidence to support it" is without merit. The evidence that the defendant was out of the State at the time of the alleged commission of the crime was rebutted to the satisfaction of the jury by evidence that the defendant was at the still. True, the State only adduced evidence of the defendant's presence at the still; but at a later stage of the trial the defendant recalled the principal witness for the State and proved by him that the defendant actually participated in the making of the liquor. This witness, D. T. Edwards, when recalled by the defendant, testified: "I saw him participate in making the liquor. I saw him put some wood under the still several times."

■ It will serve no good purpose to deal with each of the fifteen special grounds of the motion for a new trial individually. They all relate either to the subject of venue or to that of mistaken identity. The defendant contended that the alleged crime, if committed, was committed in Greene county rather than Taliaferro county, the county of the prosecution; that the defendant's brother, who resembled the defendant very much, was mistaken for the defendant; and that the court should have given specific instructions on these subjects. There was positive evidence that the still which the defendant participated in operating was located on the Battle place, and that the Battle place was in Taliaferro county. There was sharp conflict in the evidence on this point, but the jury, as shown by their verdict, accepted the evidence that the still was in Taliaferro county, as was their right. There was also evidence that the defendant and his brother Robert, or R. L., resembled each other very much; but sheriff Edwards testified positively that he saw the defendant at the still, and the jury accepted this evidence. The sheriff further testified that at the still he saw also Robert Turner, the brother who resembled the defendant. The indictment charged that Leroy Turner, the defendant on trial, and Robert Turner committed the crime *in Taliaferro county*. The jury had this indictment out with them. The court charged the jury that they were not concerned with the guilt or innocence of Robert Turner in this particular case, but that they were "solely concerned

with the guilt or innocence of Leroy Turner. . . If you believe that a crime was committed *as charged in this bill of indictment,* but [if] you do not believe this defendant was present at the time and place of such offense, you should acquit him upon that ground. . . If you believe beyond a reasonable doubt that *this* defendant did, *in the county of Taliaferro,* . . commit the offense with which he is charged in the bill of indictment," etc., "you should find him guilty," and "if you do not believe the defendant guilty of the offense with which he is charged in the bill of indictment," etc., "you should acquit him." (Italics ours). The bill of indictment, which the jury had out with them, alleged that the crime was committed in Taliaferro county. The charge clearly instructed the jury that, in order to convict, they must be convinced beyond a reasonable doubt that the defendant committed the crime, and that it must have been done in Taliaferro county as alleged in the indictment. In the absence of a proper request for a more specific charge, the instructions given were sufficient. "Where a special defense is relied upon and explicit instructions are desired in reference thereto, or for any reason it is desired that the attention of the jury be especially directed to such special defense, a timely request in writing should be preferred." *Wiley* v. *State, 3 Ga. App.* 124 (4) (59 S. E. 438) ; *Faison* v. *State, 13 Ga. App.* 180 (79 S. E. 39). "The trial judge, when not requested to do so, is not required to present in detail to the jury the various contentions of one accused of crime, but it is sufficient if he charges the law applicable to the case without referring to one of several theories of defense." *Pritchett* v. *State, 18 Ga. App.* 737 (3) (90 S. E. 492).

The newly discovered evidence is cumulative, and does not meet the standard which authorizes the granting of a new trial. The deed attached as an exhibit to Ground 15 of the motion, and alleged to be newly discovered evidence, appears to have been recorded since May 31, 1889, and it would seem that this evidence would have been discovered by the exercise of ordinary diligence. Where the rules of law relative to newly discovered evidence are fully complied with, and such evidence has probative value as to a material issue or issues in the case, and would probably produce a different verdict on another trial, a new trial should be granted; but generally the granting of new trials on newly discovered evidence is not favored, because it tends to discourage diligence and en-

courage lack of diligence by litigants and their counsel on the first trial, causes delay in the administering of justice, and loss of the time, labor, and expense of another trial.

The motion for a new trial shows no cause for a reversal of the judgment.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., dissents.*