25324. SMITH *v.* THE STATE.

DECIDED APRIL 24, 1936.

*Williams & Freeman,* for plaintiff in error.
*Frank B. Willingham, solicitor-general,* contra.

MacINTYRE, J. The State relies entirely upon circumstantial evidence and the fact relied upon by the State for a conviction is the recent possession of the articles stolen. The defendant contends that he did not steal the meat described in the indictment and that he knew nothing of the theft; that he carried the meat to the store-keeper; that another negro had the meat and told the defendant that he owed the store-keeper and that if he carried the meat there, the store-keeper would take out the money he owed him; that the other negro paid the defendant a quarter for his services. The judge charged that: "If he [defendant] fails to reasonably satisfy you that his possession of the stolen goods was obtained in a *legal manner,* such unexplained possession may, in your opinion, be sufficient to convict the defendant of the crime of burglary as charged in the indictment." (Italics ours.)

If the evidence, other than the mere possession of the goods, shows a burglary had been committed as alleged in the indictment, the correct rule relative to recent possession is: Where stolen goods are found in the possession of the defendant charged with burglary recently after the commission of the offense, that fact would authorize the jury to *infer* that the accused was guilty, unless he explained his possession to their satisfaction. *Morris* v. *State,* 47 *Ga. App.* 792, 795 (171 S. E. 555). However, in explaining the possession the defendant is not required to show that he acquired the articles in a legal manner. "It is sufficient to show that they came into his custody in any other way than by burglary." *Williams* v. *State,* 125 *Ga.* 268 (54 S. E. 166), and cit. Thus putting upon the defendant the burden of proving that he came by the stolen articles in a *legal way only* was error, for even if the plaintiff knew that the goods were stolen, and was in no way connected with the burglary, and had disposed of the same, he of course should not have been convicted of burglary even though he did not acquire the goods in a legal manner. *Falvey* v. *State,* 85 *Ga.* 157 (11 S. E. 607); *King* v. *State,* 99 *Ga.* 686 (26 S. E. 480, 59 S. E. 251); *Cornwall* v. *State,* 91 *Ga.* 277 (7) (18 S. E. 154); *Johnson* v. *State,* 22 *Ga. App.* 639 (96 S. E. 1045).

*Judgment reversed. Guerry, J., concurs.*

Broyles, C. J., dissenting. While I agree that the excerpt from the charge of the court, complained of, was inaccurate, I do not think it requires a new trial when considered in the light of the entire charge and the facts of the case. In my opinion the evidence, while circumstantial, was sufficient to exclude every *reasonable* hypothesis save that of the defendant's guilt, and, as said by Bleckley, Chief Justice, in *Cornwall* v. *State,* 91 *Ga.* 277, 284 (18 S. E. 154), in passing upon a similar exception to the charge of the court, "why should a conviction which was undoubtedly right and proper in itself be set aside on a verbal criticism of the court's charge?"