### 28159. LONG *v.* THE STATE.

MacINTYRE, J. 1. The testimony showed that the defendant left his home after supper with another man and returned to the same in the nighttime with the stolen cow; and when asked about the cow the next day

or the second day thereafter he untruthfully denied knowledge of the whereabouts of the cow, and thereafter made contradictory statements as to how he came into possession of the cow, and made other statements from which the jury were authorized to find there were circumstances pointing to his guilt of larceny.

2. This case comes within the general rule that "Where on the trial of one charged with larceny it is shown by the evidence that recently after the commission of the offense the stolen goods were found in the possession of the defendant, that fact would authorize the jury to *infer* that the accused was guilty, unless he explained his possession to their satisfaction." *Morris* v. *State*, 47 *Ga. App.* 792 (171 S. E. 555).

3. The instant case differs from such cases as *Minor* v. *State*, 58 *Ga.* 552 (5), *Miller* v. *State*, 12 *Ga. App.* 550 (77 S. E. 891), and *Springer* v. *State*, 102 *Ga.* 447 (2) (30 S. E. 971), in which the evidence for the State or the uncontradicted evidence in the case showed that the stolen property was brought to the premises of the defendant in his absence, and that the larceny was complete before the defendant received the stolen goods. Under such statements of facts the court held that the defendant could not be guilty of larceny but only of receiving stolen goods.

4. The evidence authorized the verdict of simple larceny. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

Decided July 2, 1940.

*H. Cliff Hatcher,* for plaintiff in error.
*W. G. Neville, solicitor-general,* contra.