## 35109. ROACH *v.* THE STATE.

DECIDED APRIL 13, 1954.

*D. W. Slone,* for plaintiff in error.
*Ben T. Willoughby, Solicitor-General,* contra.

TOWNSEND, J. Identity of the sugar alleged to have been stolen in 100-pound sacks from the Adel Canning & Pickling Company, Inc., was established by testimony as to the brand marks on the sacks, and that they corresponded with the sugar in the defendant's possession, plus the testimony of William Parrish, a witness for the State, and S. J. Mixon, a witness for the defendant, that they in the company of William Eugene Roach, the defendant's son, had stolen the sugar from the company warehouse and had taken it to the defendant's house late at night. Parrish testified that the defendant was at home and asked no questions when the sugar was unloaded. Mixon testified that the defendant did not know it was stolen. Several witnesses testified that late the same night, and on subsequent occasions, the defendant, sometimes alone and sometimes with Mixon and his son, called upon various people in the neighborhood and asked them if they would like to buy some cheap sugar. He told one purchaser it was his own sugar, and took him to Mixon to see whether another bag was available. The defendant in his unsworn statement said that he did not know the sugar

was stolen, that Mixon, Parrish and his son had told him they traded it from a bootlegger for gasoline. This part of the statement was neither confirmed nor denied by Mixon or Parrish.

The defendant contends that the testimony as set out above was not sufficient to authorize a conviction for larceny, in that his statement that he did not steal the sugar was corroborated by the unimpeached evidence of Mixon and Parrish to that effect. It cannot be said, however, that the jury would not be authorized to disbelieve these witnesses, only one of whom actually testified that the defendant did not know the sugar was stolen. Both witnesses testified that they had pleaded guilty to the larceny, and while, over proper objection, this would not have been sufficient proof of bad character, under Code § 38-1804, to impeach them of itself (in which connection see *Johnson* v. *State*, 48 *Ga.* 117 (3)), there was no objection on the ground that the record of conviction would be the highest and best evidence of this fact. Accordingly, the secondary evidence admitted without objection could be considered by the jury (*Cummings* v. *State*, 84 *Ga. App.* 698 (1), 67 S. E. 2d 156), which would, under the circumstances, have a right to disbelieve that part of Mixon's testimony tending to exonerate the defendant from complicity in the theft. See *Goldsmith* v. *State*, 54 *Ga. App.* 268, 271 (187 S. E. 694).

"Conspiracy may be shown by acts and conduct as well as by direct proof or express agreement. It may be shown by circumstantial evidence. It may be established by inference, as a deduction from conduct which discloses a common design." *Harris* v. *State*, 184 *Ga.* 382, 392 (191 S. E. 439); *Bolton* v. *State*, 21 *Ga. App.* 184 (94 S. E. 95); *Breedlove* v. *State*, 84 *Ga. App.* 370 (7) (66 S. E. 2d 409); Code § 26-1901. Where the undisputed evidence demanded a finding that, whether the defendant actually went to the warehouse with the other witnesses or not, he received them and the stolen sugar in his home late at night, and immediately went out with a part of it and attempted to sell it, the jury was authorized to infer an unlawful agreement among the four participants to steal and dispose of the sugar upon which the defendant's guilt might be predicated. See, in this connection, *Sivells* v. *State*, 57 *Ga. App.* 188 (194 S. E. 845); *McDuffie* v. *State*, 17 *Ga. App.* 342 (1) (86 S. E. 821); *Murphy* v. *State*, 68 *Ga. App.* 111 (22 S. E. 2d 184). In both *Miller* v. *State*, 12

*Ga. App.* 550 (77 S. E. 891) and *Slaughter* v. *State,* 24 *Ga. App.* 428 (100 S. E. 774), uncontradicted and unimpeached testimony existed, proving the defendants to be entirely innocent of the crime of larceny. In the *Slaughter* case the court specifically held: "If the witness who corroborated the defendant's statement had been impeached or discredited in any way, we should not feel authorized to disturb the verdict." In the *Miller* case it was held that there was no testimony and nothing in the evidence to connect the defendant with the larceny. Accordingly, those cases are not authority under the facts here.

The trial court did not err in denying the motion for new trial. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*