40729. COX v. THE STATE.

DECIDED JUNE 2, 1964.

*Davis & Davidson, Jack S. Davidson,* for plaintiff in error.
*Alfred A. Quillian, Solicitor General,* contra.

RUSSELL, Judge. ■ In the concluding argument the solicitor general stated to the jury, "Gentlemen of the Jury, Mr. Davidson told you in his argument that there was not sufficient evidence for you to convict. Gentlemen, Mr. Davidson is a good lawyer, and if he thought the evidence was not sufficient for you to convict he would have made a motion for a directed verdict of not guilty. If he had been correct the judge would have directed a verdict of not guilty and you would not be considering this case." Counsel for the defendant made a motion for mistrial which was denied. Under *Code* § 81-1009 when statements are made in the hearing of the jury which are prejudicial matters not in evidence, the court shall interpose and prevent the same, and on objection shall rebuke the counsel and shall by proper instruction to the jury endeavor to remove the improper impression from their minds or declare a mistrial. The

judge in this case rebuked the solicitor general and directed the jury to disregard the improper remarks. "The grant or refusal of motions for mistrial is largely within the discretion of the trial court, and this discretion will not be interfered with unless manifestly abused; and, where the trial court immediately upon the happening of an irregularity gives cautionary instructions to the jury, this court will not disturb the trial court's judgment refusing a motion for mistrial." *Western &c. R. v. Hart,* 95 Ga. App. 810 (1) (99 SE2d 302). Assuming that the remarks were improper, in view of the rebuke and the instructions to the jury we cannot say the judge abused his discretion in refusing to grant a mistrial.

The remaining special ground, also complaining of failure to grant a mistrial because of a certain allegedly prejudicial statement made by the trial judge during the course of his instructions to the jury, will not be considered as this situation is not likely to arise again in the same context.

■ Information was received by law enforcement officers that cars were being stripped in a remote rural area. On investigation officers found the car in the back yard of the defendant. It was determined that the car was stolen in Macon sometime between 9 p.m. and the following day when it was discovered in the yard of the defendant. When officers reached the scene no one was present at the defendant's home.

The State indicted only for larceny of an automobile and based its case solely upon the inference arising from the defendant's possession of the stolen automobile after the theft.

The uncontradicted evidence and the defendant's statement show that he was working "long hours" on the day in question. The officers testified that he was not there when they arrived. He was not arrested for about a month after the automobile was found in his yard. The witnesses for the State testified that the place where the automobile was found would be a good spot for somebody to cut up an automobile. There is also evidence by the witnesses for the State that many automobiles had been cut up in the county and that it took only 45 minutes to 2 hours to cut up an automobile with acetylene torches and move out. The evidence shows that no investigation was made of the defendant's alibi that he had been working that day.

"The defendant's guilt of larceny of an automobile being wholly dependent upon the inference arising from the possession . . . of the stolen automobile after the theft, and this possession being shown by uncontradicted and unimpeached testimony to be consistent with his innocence, the verdict was contrary to the evidence, and a new trial should have been granted." *Law v. State*, 106 Ga. App. 782, supra. See also *King v. State*, 99 Ga. 686 (26 SE 480, 59 ASR 251); *Williams v. State*, 125 Ga. 268 (54 SE 166); *Hampton v. State*, 6 Ga. App. 778 (65 SE 816); *Gibbs v. State*, 8 Ga. App. 107 (68 SE 742); *Brooks v. State*, 21 Ga. App. 661 (94 SE 810); *Slaughter v. State*, 24 Ga. App. 428 (100 SE 774); *Denson v. State*, 26 Ga. App. 427 (106 SE 732); *Willis v. State*, 33 Ga. App. 352 (126 SE 303).

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*