## 53350. SHERMAN v. THE STATE.

SMITH, Judge.

Appellant, Layman Sherman, Jr., was charged with murder and convicted of voluntary manslaughter in the Superior Court of Gwinnett County. He appeals alleging that the trial court erred in overruling his motion for mistrial. We affirm.

The evidence is uncontradicted that Sherman and Henry Green, the decedent, had heated words with one another and that the two became involved in a wrestling bout on the floor of the American Legion in Buford. Also undisputed is the fact that, immediately following this bout, appellant shot Green with a shotgun.

1. Appellant complains that certain questions posed to him by the district attorney are grounds for mistrial in that they prejudiced him in the eyes of the jury. That complaint is without merit. Appellant put his character in issue when, on direct examination, he claimed never to have been in any free-for-alls, never to have shot anybody,

never to have beaten anybody and never to have bothered "no one." After that testimony it was quite proper for the district attorney to cross examine appellant regarding a prior incident when appellant supposedly threatened four or five people with a shotgun. *Brown v. State,* 237 Ga. 467, 468 (228 SE2d 853). Of course, the district attorney must possess a good faith belief that the incident about which he asks actually occurred. The record supports a conclusion that the district attorney did pose the questions in good faith.

2. Appellant claims that the district attorney's questioning of a state witness concerning appellant's prior involvement in another shooting incident was prejudicial and therefore ground for mistrial. This claim is without merit because such direct examination was a proper method of disproving the appellant's testimony that he did not ever "bother no one." Code § 38-1802.

3. The granting or refusal of a motion for mistrial is a matter left to the discretion of the trial judge. "This discretion will not be interfered with unless manifestly abused." *Cox v. State,* 109 Ga. App. 797, 798 (137 SE2d 516). The trial judge instructed the jury that "since a question is not evidence, you must not suspect that any insinuation suggested by a question is true." Considering this instruction and the fact that the state's attempts to impeach appellant were evidentially proper and apparently in good faith, it cannot be said that the judge's refusal to grant the motion for mistrial was an abuse of discretion.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 19, 1977 — DECIDED MARCH 17, 1977.

*Wynn Pelham,* for appellant.
*Bryant Huff, District Attorney, Dawson Jackson, William P. Rowe, III, Assistant District Attorneys,* for appellee.