W. A. RANSOM & COMPANY, plaintiffs in error, *vs.* E. B. LOYLESS & COMPANY, defendants in error.

1. Where, after the dissolution of a firm, new notes are given by one of the partners in the firm name, the evidence should be clear and satisfactory of the notice of such dissolution to the creditor accepting such notes, to discharge the other partner.

2. Where a firm is sued on notes, and one of the partners pleads *non est factum*, the other making no defense, the evidence being conclusive that the notes were signed by him, a verdict for the defendants is contrary to law.

Partnership. Dissolution. Verdict. Notice. Before Judge STROZIER. Terrell Superior Court. May Term, 1873.

For the facts of the case, see the decision.

WOOTEN & HOYLE, for plaintiffs in error.

F. M. HARPER, by RICHARD H. CLARK, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendants, as partners, on two promissory notes, for the sum of $1,271 00, signed E. B. Loyless & Company. Loyless

filed a plea of *non est factum*, alleging that the notes were signed after the dissolution of the partnership, and without his authority. There was, also, a count in the plaintiff's declaration, for goods sold and delivered to the defendants, as partners, before the dissolution of the partnership, for which it was alleged the two notes were given. On the trial of the case, the jury found a verdict for the defendants. A motion was made for a new trial on the ground that the verdict was contrary to the evidence, and without evidence to sustain it, and because the verdict was contrary to law, which was overruled and the plaintiffs excepted.

1. It appears from the evidence in the record, that Loyless & Peeples were partners, doing business in the name of E. B. Loyless & Company; that in the year 1867, they purchased a bill of goods of the plaintiffs, in New York, for which two notes were given. In January, 1868, the partnership was dissolved. After the two notes given for the goods became due, and after the dissolution of the partnership, to-wit: on the 28th of September, 1868, the two notes now sued on were made, and time of payment extended, for and in the place of the two notes originally given for the goods. The firm name of E. B. Loyless & Company, was signed by Peeples, one of the partners, to the last named notes. There was no evidence that the plaintiffs knew of the dissolution of the partnership of E. B. Loyless & Company, at the time the partnership name was signed to the notes by Peeples, in New York, except what was contained in the paper signed by Root, the plaintiffs, and some of the other creditors of Loyless & Company for an extension of time; that paper is dated 7th of April, 1868, in which Mr. Root states that Mr. Peeples, representing Messrs E. B. Loyless & Company, owes about $16,000 00, all in New York city; has good assets to the amount of $30,000 00; that he, Root, is the principal creditor—$5,500 00; that his debt is secured, and could enforce its collection, but having entire faith in Mr. Peeples, and in his management, he is willing to wait upon him on condition that his other creditors will do likewise—Mr. Peeples pledging him-

self that he will use all possible diligence in collecting his debts, and selling only for cash. In order to bring home knowledge of the dissolution of the partnership of E. B. Loyless & Company to the plaintiffs, who had been dealing with them as partners at the time the notes were signed by Peeples in the partnership name, the evidence should be clear and satisfactory. In our judgment, there was not sufficient evidence, under the law in this case, to charge the plaintiffs with a knowledge of the dissolution of the partnership at the time the notes were executed by Peeples, one of the partners, in the firm name, to discharge the other partner. It is a significant fact that Peeples, who was present when the notes were executed, and who was examined as a witness at the trial, did not state anything about the plaintiffs' knowledge of the dissolution of the partnership. Why did not the defendants prove it by him, if the plaintiffs had such knowledge at the time the notes were signed by him?

2. The verdict was contrary to law, because the jury found in favor of both defendants, Peeples not having made any defense to the action.

Let the judgment of the Court below be reversed.