SILAS *v.* ADAMS.

1. After the dissolution of a firm, one partner has generally no right to give a promissory note and sign the name of the firm thereto in settlement of an open account, without the knowledge and consent of the other partner.
2. If the creditor takes such note made by one partner, whereby the time of payment is extended, the other partner is discharged from his liability for the debt.
3. If, however, one partner, after the dissolution of the firm, gives a promissory note, and signs the firm name thereto, and the fact is made known to the other partner by the payee, and he assents thereto, it is a ratification of the act, and he is bound on the note.
4. Though a clerk in a partnership store may be entitled to a lien as

a laborer, his failure to enforce it after the dissolution of the firm, or after the assets had been levied upon by the sheriff under a mortgage *fi. fa.*, will not release a partner who retired from the business when the dissolution took place from liability for the clerk's wages then due.                        *Judgment affirmed.*

March 27, 1893.  Argued at the last term.

Complaint.  Before Judge WILLIS.  City court of Columbus.  April term, 1892.

Adams sued F. B. Silas and P. M. Silas, late partners under the name of F. B. Silas & Company, upon a promissory note dated August 10th, 1891, due December 15th after date; and afterwards amended his action by counting upon an open account for a balance due him for services rendered to said firm in the capacity of salesman, and for money loaned to them while they conducted business,—alleging that the account was for the same consideration as that of the note, which was simply given to close up the matter of the account, and that he had never released defendants from the joint and several payment thereof.  The defendants filed a number of pleas which need not be set forth in detail, the substance of the defences relied on being indicated in the grounds of the motion for a new trial, taken in connection with the head-notes.  The evidence was as follows:

The plaintiff testified:  I was employed by defendants to work for them in their store about the 10th of February, 1890, at $30 per month, and worked for them until August 1, 1891.  F. B. Silas and P. M. Silas composed the firm of F. B. Silas & Co.  They did a retail grocery business.  F. B. Silas had charge of the same; they employed me to do general work about the store. I did everything about the store and business, from lifting boxes and opening goods to selling them.  I worked for them 16 months at $30 per month, and during the time loaned them $71.10.  Afterwards they paid me

back $292, and the account sued on is for the balance
due me August 1, 1891, for work done for the firm. I
then left their employment. On June 26th the firm was
dissolved by P. M. Silas retiring. I had notice of this
dissolution; and on August 10th afterwards, I went to
F. B. Silas, who was still in business, for a settlement of
the amount due me. He could not pay me any money,
but gave me a note of that date for $320, due Decem-
ber 15, 1891, signed F. B. Silas & Co. It was signed by
F. B. Silas. P. M. Silas was not present, and, so far as
I knew, never authorized the note nor knew of it until
some time in September afterwards, when I saw him and
told him about it, and told him the note was signed F. B.
Silas & Co. He said it was all right, go and put in, or
make out, my claim. The property was then in an as-
signee's hands, or in the sheriff's hands. He took the
note in his hands and read it. I did not put in my lien,
but waited until after the note matured and the stock
had been sold by the sheriff, and then brought this suit.
I sued first on the note; now I sue by amendment on the
account because you filed a plea of *non est factum*, as I
only accepted the note, not in payment of the debt, but
as a memorandum of what was owing me.

F. B. Silas testified: The firm was composed of my-
self and P. M. Silas, my father. He gave little if any
attention to the business. I had charge of it, and had no
help except plaintiff, whom I hired at the time he said,
for the length of time he said and for the price he says,
and owe him the amount he says. The amount he claims
to have loaned the firm was simply placed by him in
the cash drawer, and he afterwards got out $292; so if
we owe him anything, we owe him for his services.
The work he did at the store was that of a man of all
work; he did all of the labor such as packing and de-
livering goods, lifting heavy packages, etc. On the dis-
solution I assumed all liabilities. Plaintiff came to me

about August 1, and wanted a settlement. I could do nothing for him except give him a note which he demanded, and I gave one signed by myself; he was not satisfied, and I gave him one signed F. B. Silas. & Co. I signed it without the knowledge or consent of P. M. Silas, who was then out of the business. The debt was past due when the note was given, and by the terms of the note the time of payment was extended until December 1, 1891. I made an assignment of my stock of merchandise on September 9, 1891, and on the same day before the assignee took charge, the sheriff closed up my business under a mortgage *fi. fa.*. My father never knew that I had signed the note F. B. Silas & Co. I never told him of it, and he had no opportunity to know it, until afterwards. After I had signed the note F. B. Silas & Co., I told him about it.

After verdict for the plaintiff, defendants moved for a new trial on the following among other grounds :

Errors in charging the jury : (*a*) "If you believe the plaintiff did not accept the note in full settlement, he would have the right to sue on either the note or the account, and the question of whether or not P. M. Silas signed that note would not necessarily enter into your consideration." (*b*) "If you believe that F. B. Silas had a right to bind P. M. Silas by so signing that note, then you would be justified in so saying—in giving a verdict against both of them." (*c*) " If you believe further from the testimony, that F. B. Silas had express authority of his other partner to sign that note, and he did sign it in closing up the partnership debts of the firm, and that P. M. Silas ratified the act, either by acquiescence or a sufficient length of silence, he would be bound by it— just as liable and bound by it if he had signed it himself." (*d*) "You should look to the merits in this case."

Error in refusing to charge : " If you believe that the debt owing the plaintiff, and the one for which he sues,

or any part of it, is owing for services rendered by the plaintiff to the defendants while they were in business, in capacity of a laborer and man of all work doing manual labor about defendants' business, and that the same was due and owing on the 10th day of August, 1891, for said service, then I charge you that the plaintiff had a lien upon the partnership assets for his labor so rendered; and that if he at said time accepted a promissory note for said sum, extending by its terms the time and manner of payment and thereby changing the status and dignity of his debt, and all without consent of defendant P. M. Silas, then I charge you that it would be a novation of said contract so far as P. M. Silas was concerned, and that if his liability was thereby increased, then P. M. Silas is released and no recovery can be had against him."

Error in refusing to allow F. B. Silas to testify, that at the time he gave the note he had on hand in stock at least $1,250 worth of the goods that the firm had when they dissolved and when plaintiff worked for them.

Thornton & McMichael, for plaintiffs in error.
Miller & Miller, contra.