### BANK OF COVINGTON *v.* CANNON, and *vice versa.*

1. In an action on a note purporting to be signed by a partnership alleged to be composed of A, B, and C, service was had on B and C, but there was no return of service as to A. No plea was filed by B. The defendant C filed a plea setting up the defense that he did not sign the note nor was any one authorized by him to sign the same, that the note was executed after the partnership had been dissolved, and that the plaintiff and the payee had notice of the firm's dissolution prior to the execution of the note. A verdict was rendered in favor of C, and in favor of the plaintiff against the partnership and B individually. The plaintiff moved for a new trial, and the rule to show cause was served on C, but not upon B. At the hearing of the motion for new trial C moved to dismiss the motion, because B was not served. *Held,* that it was not erroneous to refuse to dismiss the motion for new trial.

2. Where a note is given in the name of a partnership by one member of the firm, after dissolution, and such note is accepted by a creditor of the firm in renewal or exchange of a partnership note due to such creditor (which note is surrendered), such new note binds the firm, notwithstanding the dissolution, if the creditor when he received the new note had no notice that it was signed after the firm's dissolution.

3. The evidence did not warrant the verdict.

Decided February 16, 1910.

Complaint. Before Judge Edwards. Rockdale superior court. December 31, 1908.

*J. R. Irwin, R. W. Milner,* and *J. D. Kilpatrick,* for plaintiff.

*A. C. & J. H. McCalla* and *A. M. Helms,* for defendant.

EVANS, P. J.   The Bank of Covington brought an action on a note against Nowell, Cannon & Company, a partnership alleged to

be composed of W. C. Nowell, R. E. Nowell, and R. H. Cannon, as
makers, and Nowell Company, a partnership alleged to be com-
posed of W. C. Nowell and R. E. Nowell, as indorsers. No service
was had on W. C. Nowell. R. E. Nowell was served personally.
R. H. Cannon acknowledged service, and filed a plea to the effect
that he did not sign the notes nor was any one authorized by him
to sign the same, that the notes were executed after the firm of
Nowell, Cannon & Company had dissolved, and that the plaintiff
and the payees had notice of the firm's dissolution prior to the exe-
cution of the notes. The other defendants made no defense. The
jury returned a verdict in favor of R. H. Cannon and against
Nowell, Cannon & Company, Nowell Company, and R. E. Nowell
for the amount sued for. The Bank of Covington made a motion
for a new trial, service of which was acknowledged by R. H. Can-
non, but no service was had on the other defendants. When the
motion came on to be heard, R. H. Cannon orally moved to dismiss
it because his codefendants in the suit had not been served. The
court refused to dismiss, and after argument overruled the motion
for new trial. The Bank of Covington excepts to the latter judg-
ment, and by cross-bill R. H. Cannon excepts to the refusal to dis-
miss the motion for new trial.

1. When the case was called in this court, Cannon moved to dis-
miss the main bill of exceptions, for the same reason as that as-
signed in his motion to dismiss the motion for new trial. The
merits of both motions of Cannon will be considered together.
The plea of the defendant Cannon was aimed against the plaintiff's
procuring a personal judgment against him. Only one other de-
fendant, R. E. Nowell, was served; he was alleged to be a member
of both partnerships which were sued. No defense was filed by
him individually or as a member of either partnership. The plain-
tiff was therefore entitled to a judgment against him and the part-
nerships of which he was a member. The only issue made by the
pleadings was that raised by the plea of the defendant Cannon.
The litigation then became restricted between him and the bank,
and in the subsequent stages of it they were the only necessary
parties. As to W. C. Nowell, who was not served, he was not a
party to the suit except in so far as partnership property was con-
cerned, which could be bound by serving either of the other part-
ners. He was therefore not a necessary party to the motion for

new trial or to the bill of exceptions. *Epping* v. *Aiken*, 71 *Ga.* 682. (2). The other defendant, R. E. Nowell, filed no defense; as to him the case was in default and the plaintiff was entitled to judgment. If the verdict is set aside as an entirety and the defendant in error is thereafter held liable, the verdict would go against both him and R. E. Nowell, and he would thus have his right of contribution. R. E. Nowell can not complain that the verdict which unequivocally binds him may be set aside. For these reasons we hold that, under the facts of this case, Cannon is the only necessary party respondent to the motion for new trial. See, in this connection, *Western Union Telegraph Company* v. *Griffith*, 111 *Ga.* 551 (36 S. E. 859); *Eining* v. *Ga. Ry. & El. Co.*, 133 *Ga.* 458 (66 S. E. 237). The bill of exceptions will not be dismissed for the further reason that R. E. Nowell filed with the record of the case his waiver of service and agreement that the case might be heard. Civil Code, § 5547(3).

2, 3. On the trial it appeared that for two or three years prior to October 12th, 1905, the firm of Nowell, Cannon & Company was composed of W. C. Nowell, R. E. Nowell, and R. H. Cannon; and that the firm as then constituted gave their three notes to the Bank of Covington, to wit; one note for $750.30, due December 1st, 1905, one note for $1,053.35, due December 4th, 1905, and one for $746.75, due December 10th, 1905. The firm of Nowell, Cannon & Company was dissolved on October 12th, 1905, the other members paying R. H. Cannon for his interest the sum of $1,784.33 by a check on another bank, signed by Nowell, Cannon & Company; which check was paid. On December 18th, 1905, W. C. Nowell delivered to the Bank of Covington two notes signed by Nowell, Cannon & Company, payable to Nowell Company, and indorsed by Nowell Company, as follows: note dated December 4th, 1905, due December 1st, 1906, for $1,050.50; note dated December 15th, 1905, due December 15th, 1906, for $1,550.00; each bearing interest from date at the rate of 8 per cent. per annum. These are the notes in suit. On the delivery of these notes the three notes of Nowell, Cannon & Company were surrendered to W. C. Nowell. It was not disputed that at the time of the surrender of the three notes the firm of Nowell, Cannon & Company owed to the Bank of Covington the sums of money represented by these notes, which have never been paid to the bank. The defendant in error con-

.tends that under these facts, and other evidence which was submitted, the verdict was authorized.

A discussion of the rest of the evidence with a view of deciding whether the verdict was warranted will be more intelligible if we first declare the rules of law appropriate to the case. Indeed, the divergent views of the parties do not spring so much from the substantive law as from its application to the facts of the case. The proposition is well settled that notice of the dissolution of the partnership, when not caused by death, must be given to those who have dealt with the firm, or each member of the partnership will be bound by the acts of the other, dealing in the name of the firm with such persons, especially when the transaction relates to the past debt of the partnership. Actual knowledge would dispense with the necessity of actual notice of the dissolution, and the latter may arise from knowledge of facts which charges a person with notice. *Ennis* v. *Williams,* 30 *Ga.* 691; *Johnson* v. *Dooly,* 72 *Ga.* 297; *First National Bank of Gainesville* v. *Cody,* 93 *Ga.* 127 (19 S. E. 831); *Bush* v. *McCarty Co.,* 127 *Ga.* 308 (56 S. E. 430); *Bass Dry Goods Company* v. *Granite City Manufacturing Company,* 116 *Ga.* 176 (42 S. E. 415). These principles were applied in *Ewing* v. *Trippe,* 73 *Ga.* 776, where it was held that "where a note is given in the name of a firm by one of the members, after dissolution, to one who extends credit to the firm and who has no notice of such dissolution, and where no notice of any kind has been given, such note binds the firm, notwithstanding the dissolution." And where after the dissolution of a firm new notes are given by one of the partners in the firm name, either in settlement of a firm debt or in renewal of a firm obligation, the evidence should be clear and satisfactory of the notice of such dissolution to the creditor accepting such note, to discharge the other partner. *Ransom* v. *Loyless,* 49 *Ga.* 471; *Moore, Marsh & Company* v. *Duckett,* 91 *Ga.* 752 (17 S. E. 1037).

We will now enter upon an examination of the evidence with a view of ascertaining whether it afforded an inference that the Bank of Covington had actual notice of the dissolution of the firm of Nowell, Cannon & Company at the time it accepted from W. C. Nowell the notes in suit and surrendered to him the notes of the partnership, upon which the defendant Cannon was admittedly liable. One circumstance relied upon by the defendant in error to

affect the bank with notice is the nature of the transaction of December 18th, 1905, when the new notes were taken and the old notes surrendered. It is insisted that the giving of two notes for a large sum of money by an outgoing firm to an incoming firm was sufficient of itself to put the bank on inquiry that the partnership giving the note had dissolved. We can not draw such inference. A firm may sell out its active business to a successor and still preserve its entity. It may be, and often is, desirable for a partnership disposing of its active business to preserve the partnership relation until firm assets are collected or other firm property is converted into cash, so as to more readily and completely marshal their assets for division. Moreover the notes of Nowell, Cannon & Company to the bank were matured and unpaid, and it would not have been at all unreasonable for the bank to have inferred that the new notes were intended as renewal of the old liability. Nor do we think that a careful scrutiny of the testimony will disclose circumstances which would put the bank or its officers on inquiry as to the dissolution of the firm at the time it received the notes in suit. The defendant Cannon testified, that, about the maturity of the notes sued on, he had a conversation with the bank's cashier, who told him that when Mr. Nowell presented the notes to him he asked him if the firm of Nowell, Cannon & Company had not been dissolved, and Mr. Nowell replied that it had; that the cashier then asked Nowell how came Nowell, Cannon & Company, the old firm, indebted to Nowell Company, as the notes showed, and the new firm succeeded the old firm, and Mr. Nowell replied that it came about in the way of a settlement of the old business; and that in the conversation he requested the cashier that he attempt to collect the money out of the insurance company, it appearing that the Nowell Company had recently lost their store by fire, and the insurance thereon had not been paid. Other evidence was offered to show notice, but it is not reproduced here, as, in our opinion, the relevancy is so slight as to have practically no probative value on this point. We do not think the conversation of the cashier with the defendant, as narrated by the latter, remotely suggested inquiry that the firm had dissolved prior to the execution of the notes; for bear in mind the notes sued on are dated anterior to the conversation, and everything that was said was perfectly consistent with the execution of the notes at the time of the dissolu-

tion. In fact the contrary would not be suspected from this conversation. It is not necessary to state the cashier's version of the conversation, further than to say that, as related by him, there was absolutely nothing said which would excite the suspicion of the most careful and prudent man that the notes were signed after the firm had dissolved. No formal notice of the firm's dissolution was ever given; the defendant, Mr. Cannon, was the brother in law of Mr. W. C. Nowell and uncle of R. E. Nowell. We think, from a careful consideration of the evidence, that the verdict is without evidence to support it.

*Judgment reversed on main bill of exceptions, and affirmed on cross-bill. All the Justices concur.*