## BURSON *v.* STONE & COMPANY.

HOLDEN, J.   Burson, Stone, and Sharpe composed the mercantile partnership of Burson & Co., and Stone and Sharpe, composed the mercantile partnership of Stone & Co.   The office of Burson & Co. was in the place of business of Stone & Co., where the books of the former were kept by Stone, who looked after the office business of Burson & Co.   Stone and Sharpe, without the knowledge or consent of Burson, took and lost, by speculation in cotton futures, money belonging to the firm of Burson & Co.   The account for the purpose of speculation was kept in the office of a New York broker in the name of Stone & Co., and was kept in the office of Stone in the name of G. W. Burson & Co.   There was evidence that Stone & Co., with the funds of that partnership, had previously speculated in the name of and for the benefit of such partnership, which received the profits made by the speculation.   Stone delivered to Burson a note executed by him in the name of Stone & Co. for one third of the amount of the money of Burson & Co. taken and lost as above stated, and upon this note Burson brought suit against Stone & Co.  *Held:*

1. The evidence was sufficient to authorize the jury to find that the speculation with the funds of Burson & Co. was for and on behalf of the firm of Stone & Co.

2. Where Stone and Sharpe took the funds of Burson & Co. and deposited them to the credit of Stone & Co. with a New York broker, and speculated with such funds in the name of and for the benefit of the firm of Stone & Co., the latter firm would be liable to Burson & Co. for the amount of funds so used.

3. If the partnership of Stone & Co. were so liable, a note for one third of such funds, given to Burson by Stone in the partnership name of Stone & Co. after its dissolution, would bind such partnership, if Burson at the time the note was given had no notice and was not chargeable with notice of the dissolution.  *Bank of Covington* v. *Cannon*, 133 *Ga.* 779 (67 S. E. 83).

4. The court committed error in directing a verdict in favor of the defendant Sharpe.

*Judgment reversed.   All the Justices concur.*

SEPTEMBER 21, 1910.

Complaint. Before Judge Freeman. Carroll superior court. April 6, 1909.

*Sidney Holderness* and *Edgar Watkins,* for plaintiff, cited: *Tyson* v. *Woodruff,* 108 *Ga.* 368; *Ennis* v. *Williams,* 30 *Ga.* 691, 695; *Ransom* v. *Loyless,* 49 *Ga.* 472; *Pyron* v. *Ruohs,* 120 *Ga.* 1060; *Moore* v. *Duckett,* 91 *Ga.* 752, 758; *Holland* v. *Long,* 57 *Ga.* 37, 41; *Carmichael* v. *Greer,* 55 *Ga.* 116; *Merchants &c. Bank* v. *Johnson,* 130 *Ga.* 661, 665; Brewster *v.* Hardeman, *Dudley,* 138, 149; Civil Code, § 2997; *Cunningham* v. *Woodbridge,* 76 *Ga.* 302; *Askew* v. *Silman,* 95 *Ga.* 678; *Silas* v. *Adams,* 92 *Ga.* 350.

*W. F. Brown* and *J. O. Newell,* for defendants, cited: Civil Code of 1895, §§ 2643, 2646, 2651, 2658, 3002; 22 Am. & Eng. Enc. L. (2d ed.) 122, 129, 136, 144, 169, 170; *Ozborn* v. *Woolworth,* 106 *Ga.* 459; *Davis* v. *Dodson,* 95 *Ga.* 718; *Cody* v. *First National Bank,* 103 *Ga.* 789; *Sargent* v. *Henderson,* 79 *Ga.* 268; *Sparks* v. *Flannery,* 104 *Ga.* 323; *Askew* v. *Silman,* 95 *Ga.* 678; *Silas* v. *Adams,* 92 *Ga.* 350; Zuel *v.* Bowen, 78 Ill. 234; Blodget *v.* Weed, 119 Mass. 215; Graves *v.* Kellenberger, 51 Ind. 66; National Union Bank *v.* Landon, 66 Barb. 189; *Overman* v. *Atkinson,* 102 *Ga.* 750.