10110. JONES *v.* WESTERN AND ATLANTIC RAILROAD COMPANY.

BROYLES, P. J. 1. There is no material error in any of the excerpts from the charge of the court complained of, when the entire charge is considered.

2. The sole negligent act of the defendant, according to the petition, was the *sudden* starting of its train just as the plaintiff entered. In the light of this allegation of the petition, and when the charge given by the court is considered, it was not error for the court to refuse a request to charge as follows: "If you find, from the evidence, that the defendant company failed to stop its train sufficiently long for the plaintiff to get aboard said train in safety, and she was injured as alleged, she would be entitled to recover whether the train was *properly started* or not, it being the duty imposed by law upon the company to stop its trains long enough for passengers to board them in safety; provided the plaintiff's injury was not the result of her own negligence" (italics ours).

3. Under repeated rulings of this court and of the Supreme Court, a ground of a motion for a new trial, assigning error upon the refusal of a written request to charge, must affirmatively show that the request was tendered to the judge before the jury retired to consider the case.

The statement in such a ground that the request was "properly submitted" is a mere conclusion of the plaintiff in error and does not come up to the rule. . Under this ruling the 3d, and a portion of ·the 4th, special ground of the motion for a· new trial can not be considered.

4. If the court erred in allowing H. E. Duckett, a witness for the defendant, to testify, after refreshing his memory from records not made by him, that he was the engineer of the train in question, this error was not harmful to the plaintiff, since the conductor of the same train testified, without objection, after refreshing his memory from records made and kept by him, that Duckett, the witness just mentioned, was the engineer of the train; and the records showing the same fact were admitted in evidence without objection.

5. The testimony of the engineer,—"If there had been an unusual jar or jerk I would have remembered it,"—was admissible. It was not a mere conclusion of the witness, but was a statement of a positive fact, viz., that if there had been an unusual jar or jerk he *would* have remembered it. It was admissible for what it was worth.

6. The following testimony of the conductor of the train was admitted over the defendant's objection: "In leaving Emerson that afternoon, if there had been any unusual jar or jerk, I think I would have remembered it up to the time I was called to the office to make a statement about this case." If the admission of this testimony was error, it was not so prejudical as to require a new trial.

7. It does not appear that the trial judge abused his broad legal discretion in allowing the defendant, over the objections of the plaintiff, to recall one of its witnesses for the second time, for the purpose of explaining his testimony given on the previous day. It is immaterial that the witness recalled may have conferred with the defendant's counsel about the case before he was put back on the stand.

8. The verdict was amply authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.* ·
DECIDED MAY 13, 1919.

Action for damages; from city court of Cartersville—Judge Aubrey. August 9, 1919.

*J. R. Whitaker, A. W. Fite,* for plaintiff.

*Neel, Finley & Neel,* for defendant.