## 12609. KEESE v. MIZE.

BROYLES, C. J. 1. Under repeated rulings of the Supreme Court and of this court, a special ground of a motion for a new trial must be complete and understandable within itself, and will not be considered where it cannot be understood without a reference to the brief of evidence or some other portion of the record. Under this ruling the first two special grounds of the motion for a new trial, complaining of the admission of specified evidence, cannot be considered, as they are not complete within themselves, and this court is unable to determine, without an examination of other parts of the record, whether the admission of the evidence complained of was harmful to the movant.

2. The excerpt from the charge of the court, complained of in the 3d special ground of the motion for a new trial, when considered in the light of the charge as a whole and the facts of the case, is not error for any reason assigned.

3. There was some evidence, both direct and circumstantial, which authorized the charge upon the subject of rescission of contracts.

4. It is never error for the court to refuse a request to charge where a part of the requested charge is so worded that it would be confusing to the jury. In the instant case complaint is made that the court refused to charge: "If you believe that Keese refused to sell to Mr. Mize because of his inability to give security, does not prevent an immediate sale by him, Keese, of the same property to the wife of Mr. Mize. If you believe that the same was made direct to Mrs. Mize for the reason that her husband could not give valid security, this would be a valid sale and she would be bound by it." The first sentence in this requested charge is so worded that it would have been confusing to the jury. Furthermore, it does not affirmatively appear from this ground of the motion that the request was tendered to the court before the jury had retired to consider their verdict. The statement in the ground, that it was tendered "in proper time," is a mere conclusion of the movant and does not come up to the rule. *Jones* v. *Western & Atlantic R. Co.*, 23 *Ga. App.* 725 (3) (99 S. E. 388).

5. There was some evidence which authorized the verdict, and, the trial court having approved the finding of the jury and no reversible error of law appearing, this court is without authority to interfere.

*Judgment affirmed.* *Luke and Bloodworth, J.J., concur.*

DECIDED NOVEMBER 18, 1921.

Complaint; from Clarke superior court — Judge Fortson. June 11, 1921.

*H. M. Rylee, Shackelford & Meadow,* for plaintiff in error.
*Wolver M. Smith,* contra.