## 14774. DIXON *et al. v.* SOL LOEB COMPANY.

BROYLES, C. J. 1. "The existence of a copartnership when once established is presumed, as to third persons, to continue until notice of dissolution has been given that the copartnership no longer exists. Civil Code (1910), §§ 3180, 3179, 3157; *Pursley* v. *Ramsey*, 31 *Ga.* 403, 409; *Fleshman* v. *Collier*, 47 *Ga.* 253, 256, 257; *Reliance Fertilizer Co.* v. *Perry*, 23 *Ga. App.* 580, 583 (99 S. E. 44)." *Brady* v. *Phillips Mule Co.*, 27 *Ga. App.* 444 (3) (108 S. E. 809).

2. "The dissolution of a partnership by the retiring of an ostensible partner must be made known to creditors and to the world. The word 'creditors,' as thus employed in the statute (Civil Code [of 1895], § 2634), is not limited to persons who were creditors at the time of the dissolution. A person who had previously sold goods and given credit to the firm during its continuance was within its meaning. Actual notice must be given to creditors." *Bush* v. *McCarty Co.*, 127 *Ga.* 308 (1-3) (56 S. E. 430, 9 Ann. Cas. 240).

3. "Where there is independent prima facie proof of a partnership, the declarations of either one of the alleged partners, written or spoken, are admissible in corroboration. *Ham* v. *Brown*, . . [2 *Ga. App.*] 71, 58 S. E. 316; *Jones* v. *Harrell*, 110 *Ga.* 380, 35 S. E. 690." *Davidson* v. *Waxelbaum*, 2 *Ga. App.* 432 (2) (58 S. E. 688).

4. The above-stated rulings are applicable to the instant case, where two sisters, Mary Lizzie Dixon and Pattie Dixon, as partners, began a retail business under the firm name of M. L. & Pattie Dixon, and where some three or four months afterwards the firm name was changed to M. L. Dixon Company, and where, when M. L. Dixon Company was sued by a creditor, Pattie Dixon pleaded that when the firm name was changed she retired from the partnership and had no further interest in the business.

5. Under the foregoing rulings and the facts of the instant case, the testimony of the witnesses, Land, Reeves, Askew, and Smith, that, subsequent to the change of the firm's name, Mary Lizzie Dixon told them that the firm name had been changed merely for the purpose of making it shorter, and that the partnership remained unchanged, was admissible. Moreover, even if the admission of this evidence, over her objections, were error, it does not require another trial of the case, since substantially the same testimony was given by another witness,—Jones (see page 92 of the record),—and was admitted without objection. *Daughtry* v. *Savannah & Statesboro Ry. Co.*, 1 *Ga. App.* 393 (3) (58 S. E. 230).

6. The 4th ground of the motion for a new trial, complaining of the admission of certain evidence, when viewed in the light of the note of the trial judge, is without merit.

7. The admission of evidence as complained of in the 5th, 6th, and 7th grounds of the motion for a new trial was not error for any reason assigned.

8. "If a person holds himself out, or permits himself to be held out, to the world as a partner in a business, he will be bound to one who contracts with the purported partnership on the faith of such representations, whether in fact he has any interest therein or not."

*American Cotton College* v. *Atlanta Newspaper Union,* 138 *Ga.* 147, 148 (4) (74 S. E. 1084). Under this ruling the complaint that the testimony set forth in the 9th and 10th grounds of the motion for a new trial was erroneously admitted in evidence is without merit.

9. "As a general rule, the testimony of persons who have knowledge of the facts from which the books are made up is as to those facts primary evidence, and the books themselves are admissible only by way of corroboration." *Harper* v. *Hammond,* 13 *Ga. App.* 238 (3) (79 S. E. 44); *Smith* v. *Southern Spring Bed Co.,* 16 *Ga. App.* 449 (1) (85 S. E. 612). Under this ruling the court did not err in admitting in evidence the testimony complained of in the 11th, 12th, 13th, 14th, 15th, 16th, and 17th grounds of the motion for a new trial.

10. There is no merit in the 18th ground of the motion for a new trial, complaining that the court erred in admitting in evidence the books of account kept by the plaintiff company. These books were admissible as corroborating evidence. *Bush* v. *Fourcher,* 3 *Ga. App.* 43 (59 S. E. 459); *May* v. *McCarty,* 11 *Ga. App.* 454, 455 (2) (75 S. E. 672).

11. The admission in evidence of the documentary evidence set out in the 19th ground of the motion for a new trial was not error for any reason assigned.

12. Several grounds of the motion for a new trial complain that the court erred in refusing to give certain requested instructions to the jury. These grounds cannot be considered, however, since it does not affirmatively appear from the grounds that the requests were tendered to the court before the jury had retired to consider their verdict. A statement in the grounds that the requests were tendered "in due time" is a mere conclusion of the movant and does not come up to the rule. *Keese* v. *Mize,* 27 *Ga. App.* 666 (4) (110 S. E. 417); *Jones* v. *Western and Atlantic Railroad Co.,* 23 *Ga. App.* 725 (3) (99 S. E. 388).

13. Under the particular facts of the case the court did not err in refusing to rule out the evidence set forth in the 20th ground of the motion for a new trial. This evidence tended to throw light on the issues involved in the case, and was not inadmissible for the reason assigned.

14. The several excerpts from the charge of the court, complained of in the remaining grounds of the motion for a new trial, when considered in the light of the entire charge and the particular facts of the case, do not require a reversal of the judgment of the court below.

15. The verdict was authorized by the evidence, and the overruling of the motion for a new trial was not error for any reason assigned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 19, 1923.

Complaint; from city court of Greenville—Judge McGraw. May 21, 1923.

Application for certiorari was denied by the Supreme Court.

*N. F. Culpepper,* for plaintiffs in error.

*J. F. Hatchelt, Jones & Jones,* contra.