18890. STEWART *v.* AVERY.

432

Decided July 31, 1928.

*Wright & Davis,* for plaintiff in error.
*Marvin G. Russell, Earl Sims,* contra.

BLOODWORTH, J.   George Avery brought suit against Raymond Stewart, alleging that the defendant injured and damaged him by running over him with an automobile while the plaintiff was walking from the East Point car line along Campbellton road to his home on said road; that at the time of the injury the defendant was driving his automobile at a rate of speed in excess of 30 miles per hour, and approached the plaintiff from the rear; that the injury occurred at night, and the defendant was driving with very dim and insufficient lights; and that the plaintiff was in the exercise of ordinary care.   The petition set out the specific injuries alleged to have been sustained.   The jury rendered a verdict for $1000 in favor of the plaintiff.   The defendant made a motion for a new trial, which was overruled, and he excepted.

■   Headnotes 1, 6, 7, and 8 need no elaboration.

■   In the 2d special ground of the motion for a new trial an effort was made by counsel for defendant to locate the place where the automobile of the defendant struck the plaintiff, by what was sworn to by a witness named Carroll, who had talked to both plaintiff and defendant.   Counsel for defendant insisted that the evidence of the plaintiff as given on the stand, as to the location of the place where he was injured, was contradictory to what he had previously stated in the presence of Carroll.   In this ground it is stated that, "plaintiff having already testified to these statements

(which were, 'I do not know where the city limits are out there, but I rather think it is out of the city. I have heard everybody' else say that'), the testimony of the witness J. M. Carroll was asked for the purpose of impeaching the plaintiff, and for the purpose of showing that the witness Carroll had talked with both the plaintiff and the defendant, and that the defendant told him in the presence of the plaintiff where the collision occurred." No foundation was laid for this testimony by proof of contradictory statements, as required by section 1052 of the Civil Code of 1910. This is necessary for the purpose of impeachment. *Estill* v. *Citizens & Southern Bank,* 153 *Ga.* 618 (7) (113 S. E. 552) ; *Ga., Fla. & Ala. Ry. Co.* v. *Sasser,* 4 *Ga. App.* 276 (5) (61 S. E. 505) ; *Luke* v. *Cannon,* 4 *Ga. App.* 538 (3) (62 S. E. 110). Even if it was error to exclude from the jury this evidence of the defendant, the error was harmless, as what the plaintiff had already sworn on the trial was before the jury, and the court ruled that the defendant would be allowed to prove anything that the plaintiff said to Carroll.

Special grounds 3, 4, and 5 of the motion for a new trial complain of the exclusion of certain ordinances of the City of Atlanta. Even if these ordinances were admissible and had been properly presented under the facts of the case, the court committed no error in rejecting them. Ground 3 alleges that the court erred in excluding from the jury "an ordinance of the City of Atlanta, regulating riding, driving, and travel in the streets of Atlanta, and providing a punishment for any violation thereof." This ordinance was offered as a whole. It covers more than ten pages of typewritten matter, and consists of 85 sections, only three of which are alleged to be applicable to this case. Even if we concede that these three sections are applicable to the issue (which we do not), many of the sections are absolutely foreign to it and not relevant in any way. In *Arnold* v. *State,* 131 *Ga.* 494 (3), 496 (62 S. E. 806), it was ruled: "Where testimony is offered as a whole, some of which is competent and some not, a new trial will not be granted because of its rejection." Presiding Justice Evans said: "The evidence was offered as a whole; and the rule is well settled that where evidence, some of which is admissible, and some of which is not admissible, is offered as a whole, a new trial will not be granted because of its rejection. *Central R. Co.* v. *Skellie,* 81 *Ga.* 56 (6 S. E. 811) ; *Smalls* v. *State,* 99 *Ga.* 26 (25 S. E. 614) ; *Ellis* v. *Poe,* 109

*Ga.* 422 (34 S. E. 567)." Under the foregoing ruling the ordinance was not admissible as offered. Ground 4 alleges that the court erred in excluding section 3 of an ordinance of the City of Atlanta, which reads as follows: "Pedestrians, after alighting from vehicles and street-cars, shall proceed directly to the right-hand curb." This ground is not complete within itself. It does not show that where the plaintiff alighted from the car was in the City of Atlanta. It is urged in this ground that the portion of the ordinance offered was admissible for the reason that the plaintiff "testified that he alighted from a street-car at the intersection of Lee Street [and] Campbellton Road." He, also swore that after alighting he went some distance before being run over, and that at the place where he was injured there was a sidewalk on the left side of the road but none on the right side. This ground shows nothing that requires the grant of a new trial. Ground 5 alleges that the court erred in excluding section 55 of an ordinance of the City of Atlanta, which is in part as follows: "All motor-vehicles used or operated upon any street, alley, or highway in the City of Atlanta during the time from one hour after sunset to one hour before sunrise of each day, shall have thereon two lighted lamps of not to exceed 32-candle power." It is insisted that this section of the ordinance should have been submitted to the jury, because it "prohibits the use of bright lights within the city limits." The ground itself does not show either that the occurence was in the City of Atlanta or that it was "during the time from one hour after sunset to one hour before sunrise;" so this ground is not complete within itself.

■ Grounds 6, 7, 8, 9, and 10 of the motion are based upon alleged error in the refusal of the judge to charge in accordance with certain written requests. Citing *Keese* v. *Mize*, 27 *Ga. App.* 666 (4) (110 S. E. 407), and *Jones* v. *Western & Atlantic Railroad Co.*, 23 *Ga. App.* 725 (3) (99 S. E. 388), this court held, in *Dixon* v. *Sol Loeb Co.*, 31 *Ga. App.* 166 (12) (120 S. E. 31), that "A statement in the grounds that the requests were tendered 'in due time' is a mere conclusion of the movant, and does not come up to the rule." In *White Sewing Machine Co.* v. *Horkan*, 17 *Ga. App.* 48 (9) (86 S. E. 257), this court held that "The court did not err in failing to give the numerous instructions requested. Many of them were simply requests that certain code sections the numbers of which only were given be given in charge." In *Beavers*

v. *State*, 33 *Ga. App.* 370 (2) (126 S. E. 305), it is held: "Where a ground of a motion for a new trial complains of the failure of the judge to charge certain principles of law (which the ground alleges should have been charged under the evidence adduced upon the trial), but where no evidence whatsoever is set forth in the ground, the ground is not complete and understandable within itself, and this court will not search through the brief of evidence to discover whether there was any evidence requiring such instructions." Under the rulings in the above-cited cases this court is not required to consider special grounds 6, 7, 8, and 9. Each of these alleges that the court, upon "timely written request," refused to charge certain principles of law. The request in ground 6 was that a certain code section, identified by number only, be given in charge; and not one of these three grounds sets forth any evidence authorizing the charge requested.

There is no error requiring the grant of a new trial in the excerpts from the charge of which complaint is made in special grounds 11 and 12 of the motion. In ground 11 it is complained that the judge, in his instructions to the jury, told them that "every motor-vehicle shall be equipped with at least two front lamps throwing strong white lights to a reasonable distance in the direction in which such vehicle is proceeding." Counsel for plaintiff in error urged that the portion of the act of 1918 just quoted "is void and unenforceable, in that it is too vague and indefinite." However, it is not pointed out how and in what manner the act is too vague and indefinite, and the court is not called upon to consider such an assignment of error. Ground 12 of the motion is practically a repetition of ground 11.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*