19266. SEABOARD AIR-LINE RAILWAY COMPANY *v.* D'AVIGNON.

DECIDED JANUARY 15, 1929.

*W. W. Dykes,* for plaintiff in error.

*J. A. Hixon, Hollis Fort,* contra.

LUKE, J.   Carl Hammond D'Avignon brought action for damages against the Seaboard Air-Line Railway Company to the March, 1927, term of the city court of Americus.   The original petition did not allege generally, or set out facts to show, that he was proceeding under the Federal employer's liability act; but on December, 3, 1927, an amendment was allowed alleging that the defendant's train in question was engaged in interstate commerce at the time the plaintiff was injured, and that the defendant had violated the safety-appliance act of Congress.   The jury rendered a verdict for the plaintiff in the sum of $12,000, and the railway company excepted to the judgment overruling its motion for a new trial, based upon the general grounds and seventeen special grounds.

1.   Special grounds 1 and 2 of the motion for a new trial are without merit.   The trial judge in his discretion may allow leading questions to be propounded to a witness, and unless that discretion is abused, an allowance of leading questions is not ground for a new trial.   *Higdon* v. *Williamson,* 140 *Ga.* 187 (3) (78 S. E. 767).   The answers to the questions propounded were not merely conclusions of the witnesses.

2.   The 3d special ground complains of the admission of certain evidence.   The only objection made to the evidence was that it was "immaterial."   Under repeated rulings of this court such a ground raises no question for the consideration of the reviewing court.

3.   The 4th special ground is not complete and understandable within itself.

4.   The 5th special ground (complaining of the sustaining of objections made to certain questions propounded to a witness) is without merit.   The objections were that the questions were leading and argumentative, and the court properly sustained the objections.

5. Grounds 7, 8, and 9 are merely elaborations of the general grounds.

6. No evidence was adduced showing that the defendant's train in question was engaged in interstate commerce at the time the injuries sued for were inflicted, and the court erred in charging as set forth in grounds 11, 12, and 13.

(a) The failure of the defendant to answer the allegations of the amendment to the petition (averring that the defendant was engaged in interstate commerce) did not authorize either the court or the jury to treat the allegations as true. *Brown* v. *A., B. & A. R. Co.,* 131 *Ga.* 259 (62 S. E. 186) ; *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874).

7. There is merit in ground 10 of the motion. Upon the next trial the charge should accord more precisely with the allegations of the petition as to the manner in which the plaintiff was injured.

8. Under the evidence in the case the court did not err in instructing the jury that the engineer of the train which the plaintiff was firing was the alter ego of the defendant and that the plaintiff was subject to his directions.

9. Grounds 15, 16, and 17 (complaining of the refusal to give certain requested instructions) raise no question for the consideration of this court, since it does not affirmatively appear that the requests to charge were presented to the court before the jury had retired to consider their verdict. Averments that a "written timely request" was made, or that a request was made in writing "in ample time for the court to read and consider it," or that "movant requested the court to give said charge to the jury in ample time," are mere conclusions of the pleader and do not come up to the rule. *Keese* v. *Mize,* 27 *Ga. App.* 666 (4) (110 S. E. 417) ; *Dixon* v. *Sol Loeb Co.,* 31 *Ga. App.* 165 (12) (120 S. E. 131).

10. As the case must be retried, the questions as to whether the evidence authorized a recovery for the plaintiff, and whether the verdict is excessive, are not now passed upon.

11. For the reasons stated above, the court erred in refusing to grant a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*