## 20339. MILLIRONS v. THE STATE.

BLOODWORTH, J. 1. (a) Grounds of a motion for a new trial complaining of the refusal to give certain requested instructions raise no question for the consideration of this court where "it does not affirmatively appear that the requests to charge were presented to the court before the jury had retired to consider their verdict. Averments that a 'written timely request' was made, or that a request was made in writing 'in ample time for the court to consider it,' or that 'movant requested the court to give said charge to the jury in ample time,' are mere conclusions of the pleader and do not come up to the rule. *Keese* v. *Mize,* 27 *Ga. App.* 666 (4) (110 S. E. 417); *Dixon* v. *Sol Loeb Co.,* 31 *Ga. App.* 165 (12)

(120 S. E. 31)." *Seaboard Air-Line Ry. Co.* v. *D'Avignon*, 39 *Ga. App.* 113 (146 S. E. 518). See *Jones* v. *W. & A. Railroad Co.*, 23 *Ga. App.* 725 (3) (99 S. E. 388).

(b) "Without an allegation that the request to charge was pertinent and applicable to the facts of the case, a ground of a motion for a new trial based on the refusal of a request is not in proper form for consideration." *Monroe* v. *Warten Cotton Co.*, 29 *Ga. App.* 358 (115 S. E. 279); *Savannah & Southern Ry.* v. *Davis*, 28 *Ga. App.* 654 (2) (112 S. E. 907); *Pope* v. *Callaway*, 39 *Ga. App.* 70 (4) (146 S. E. 518). Under the ruling in the foregoing cases this court is not called upon to consider those grounds of the motion for a new trial which are based upon the refusal of the court to give certain requested instructions. Moreover, in a note attached to the motion the judge states that the request referred to in ground 2 thereof was given in substance.

2. In the light of the entire charge of the court there is no merit in either of the grounds of the motion for a new trial based upon alleged errors in the charge. The jury could not have been misled by the use of the words "the State" instead of "this State." Williams, the mortgagee, testified that at the time the mortgage was delivered the personal property was *in Georgia*, and that he "did not consent for this defendant or anybody else to remove any part of the property described in this deed *from the State of Georgia*." (Italics ours.) Nor could the jury have been misled by the use of the words "mortgage deed" instead of "mortgage debt."

3. The evidence supports the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 16, 1930.

*P. D. Rich,* for plaintiff in error.

*B. T. Castellow, solicitor-general, Bond Almand,* contra.