## 21760. ROWLAND *v.* LOVETT.

BELL, J. 1. Although a partnership may be dissolved by the death of one of the partners (Civil Code of 1910, § 3162; *Hammond* v. *Olwell,* 170 *Ga.* 832 (8), 154 S. E. 357), yet where on the death of one of the members the surviving partners, instead of treating the partnership as dissolved, continue to do business as a partnership in the same manner and for the same purpose as before, they will be estopped to deny the existence of the partnership as to debts subsequently incurred within the legitimate business of the partnership as thus continued by them. *Maynard* v. *Maynard,* 147 *Ga.* 178 (93 S. E. 289, L. R. A. 1918A, 81); *American Cotton College* v. *Atlanta Newspaper Union,* 138 *Ga.* 147 (4) (74 S. E. 1084); *Dixon* v. *Sol Loeb Co.,* 31 *Ga. App.* 165 (8) (120 S. E. 31); *Leidy* v. *Gould,* 37 *Ga. App.* 410 (140 S. E. 400).

2. The borrowing of money to pay the debts of a mercantile partnership and the execution of a promissory note therefor are acts which may be done by one of the partners within the scope of the partnership business, so as to bind the firm and the individual members thereof. *Bank of Covington* v. *Cannon,* 133 *Ga.* 779 (2) (67 S. E. 83); *Burson* v. *Stone,* 135 *Ga.* 115 (3) (68 S. E. 1038); *Griffin* v. *Colonial Bank,* 7 *Ga. App.* 126 (66 S. E. 382); *Bishop* v. *Peoples Bank,* 7 *Ga. App.* 432 (67 S. E. 119); *Williams* v. *Madison County Bank,* 33 *Ga. App.* 507 (126 S. E. 895).

3. The adjudication of a partnership as a bankrupt, followed by a discharge in bankruptcy, would not relieve or discharge one of the partners from his individual liability for the partnership debts, where he himself was not adjudicated or discharged as a bankrupt. Re Bertenshaw, 85 C. C. A. 61 (157 Fed. 363, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986); Horner *v.* Hamner (C. C. A.), 249 Fed. 134 (L. R. A. 1918E, 465); Re Neyland, 184 Fed. 144 (24 A. B. R. 879); Meek *v.* Centre County Banking Co., 268 U. S. 426 (45 Sup. Ct. 560, 69 L. ed. 1028); Myers *v.*

International Trust Co., 273 U. S. 380 (47 Sup. Ct. 372, 71 L. ed. 692). The ruling to the contrary in Abbott v. Anderson, 265 Ill. 285 (106 N. E. 782, L. R. A. 1915F, 668, Ann. Cas. 1916A, 741), was apparently based upon a misconstruction of the decision in Francis v. McNeal, 228 U. S. 695 (33 Sup. Ct. 701, 57 L. ed. 1029, L. R. A. 1915E, 706), which, according to the later decision in Liberty National Bank v. Bear, 276 U. S. 215, (48 Sup. Ct. 252, 72 L. ed. 536), "merely involved the question whether a bankruptcy court in which an insolvent partnership had been adjudged a bankrupt might, under the administrative provisions of § 5, require a partner who had not been adjudged a bankrupt to surrender his individual property to the trustee of the partnership estate for the purpose of paying the partnership debts."

4. This being a suit upon a promissory note purporting to have been executed by a partnership through one of its members, in which the plaintiff sought to recover only upon the personal and individual liability of the partners (cf. *Comolli* v. *National Cash Register Co.*, 169 *Ga.* 409, 150 S. E. 551), and to which suit one of the alleged partners filed pleas of (*a*) no partnership, and (*b*) non est factum, and thereafter offered (*c*) an amendment seeking a stay of the proceeding pending the bankruptcy only of the partnership and its application for a discharge by the bankruptcy court; *held,* under the above rulings as applied to facts of the case, the court did not err in refusing to allow the proffered amendment; nor in directing a verdict in favor of the plaintiff as against the pleas of no partnership and non est factum, the evidence having demanded the verdict against these two defenses.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 17, 1932.

*J. Roy Rowland,* for plaintiff in error.
*J. L. Kent, J. Eugene Cook,* contra.