24026. DAVIS *v.* THE STATE.

DECIDED NOVEMBER 5, 1934.

*H. W. McLarty,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J. 1. H. W. Davis and Milton Wright were jointly indicted for the larceny of an automobile, and for the possession of an automobile the motor-number of which had been changed and altered for the purpose of concealing and making difficult its identity. Milton Wright pleaded guilty to the indictment and testified in behalf of the defendant Davis. Davis, asserting his innocence, pleaded not guilty. The jury convicted him on both counts. He brings writ of error upon the overruling of his motion for new trial.

The conviction in this case is dependent upon the fact of the recent unexplained possession of the stolen automobile. The State

introduced ample evidence to show that the defendant was in possession of the car knowing it was a stolen or "hot" car. There was also evidence that Davis and Wright had agreed, if either were caught driving the car, that the one caught would "take the rap" therefor. The evidence of Wright was that he alone committed the theft, without any connection therewith on the part of Davis. The testimony of Wright was contradicted in several particulars and there was impeaching testimony on the part of the State. Recent possession of stolen property without a satisfactory account thereof authorizes the inference that the possessor is the thief. If the defendant can show by *uncontradicted and unimpeached* testimony that his possession was consistent with his innocence, a conviction is unwarranted. The testimony of Wright, by whom the defendant sought to show such innocent possession, was contradicted in several particulars, and also was sought to be impeached by evidence from the State. The jury in such a case are authorized to reject such testimony.

The evidence for the State warranted a finding that the joint defendants conspired to commit the theft. Where a jury finds that recent possession of stolen property is not sufficiently explained, they are authorized to convict. Testimony for the defendant which attempts to explain such possession as being consistent with the innocence of the possessor does not demand an acquittal, unless such testimony is uncontradicted and unimpeached. Where such explanation by testimony is uncontradicted and unimpeached, a conviction is not warranted. *Hampton* v. *State*, 6 *Ga. App.* 778 (65 S. E. 816) ; *Gibbs* v. *State*, 8 *Ga. App.* 107 (2) (68 S. E. 742) ; *Slaughter* v. *State*, 24 *Ga. App.* 428 (100 S. E. 774) ; *Willis* v. *State*, 33 *Ga. App.* 352 (126 S. E. 303) ; *Williams* v. *State*, 125 *Ga.* 268 (54 S. E. 166). The evidence supported the verdict and the court did not err in overruling the motion for a new trial.

2. The evidence for the State warranted a finding that the defendants conspired to commit the theft, and the court did not err in allowing the State to introduce in evidence statements made by a co-conspirator after the commission of the theft, such statements indicating an effort to conceal the crime. *Smith* v. *State*, 47 *Ga. App.* 797 (171 S. E. 578).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*