## 26166. BONE v. THE STATE.

DECIDED APRIL 10, 1937.

*Ragsdale & Denton,* for plaintiff in error.
*Hal C. Hutchens,* solicitor-general, contra.

GUERRY, J. ■ The defendant was indicted for burglary. He was convicted of larceny from the house. The first ground of the amendment to the motion for new trial is as follows: "Because the court erred in overruling the demurrer to the indictment in this case filed by defendant before arraignment and pleading." Since the overruling of a demurrer to an indictment can not be made a ground of a motion for new trial (*Coulson* v. *State,* 13 *Ga. App.* 148, 78 S. E. 1108), and no assignment of error having been made in the bill of exceptions on the overruling of the demurrer, the question is not properly before this court.

■ In charging the jury with reference to possession of stolen

property by one accused of larceny, the judge should use the word "recent," but omission so to do is not reversible error where it appears that if such possession in fact existed it was recent. *Posey* v. *State*, 36 *Ga. App.* 115 (136 S. E. 89); *Young* v. *State*, 95 *Ga.* 456 (2) (20 S. E. 270).

■ Where the defendant admits possession of the stolen articles and accounts for the possession by stating when, where, and from whom he bought or obtained such articles, and this fact is corroborated by testimony which is uncontradicted, unimpeached, and is not incredible, impossible, or inherently improbable, a conviction is unwarranted. *Davis* v. *State*, 50 *Ga. App.* 103 (176 S. E. 901). If the explanation of innocent purchase is contradicted by the person from whom it is testified it was made, it can not be said that the possession of the stolen property is accounted for by uncontradicted and unimpeached testimony consistent with the innocence of the defendant.

■ One of the grounds of the motion for new trial is as follows: "Because the court erred in refusing, upon a written request by counsel for defendant, to charge the law of recent explained possession of stolen goods by the defendant." This ground is defective and raises no question for decision by this court, because (1) it does not disclose that the request was presented to the trial judge before the jury retired to consider their verdict (*Keese* v. *Mize*, 27 *Ga. App.* 666 (4), 110 S. E. 417; *Jones* v. *W. & A. R. Co.*, 23 *Ga. App.* 725 (3), 99 S. E. 388; *Dixon* v. *Sol Loeb Co.*, 31 *Ga. App.* 165 (12), 120 S. E. 31); (2) the request is not set out in the ground or attached thereto as a part thereof (*Foskey* v. *State*, 119 *Ga.* 72, 45 S. E. 967); and (3) the ground is not complete and understandable within itself. It appears the judge charged the jury that "where it is shown beyond a reasonable doubt that a larceny has been committed, or a larceny from the house, and it is shown that the defendant has been in possession of any of the fruits of the larceny, any of the goods stolen at the time, and it is shown that he was in the neighborhood of the vicinity and had an opportunity to commit the crime, and it is shown beyond a reasonable doubt that the goods or any part of the fruits of the larceny, part of the goods stolen, *and he fails to give a satisfactory explanation of his possession,* this would authorize you to find him guilty of the crime, if you find one was committed."

This charge effectively told the jury that if the defendant gave a satisfactory explanation of his possession of the stolen property that they should find him not guilty, and apparently this is what the ground of the motion for new trial here under consideration complains was not given. So, even if the ground presented the question for this court's consideration, we would hold it without merit. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*