## 41263.   BRINSON v. THE STATE.

Pannell, Judge. ■ While this court, in applying the rule that grounds of a motion for new trial complaining of the refusal to give certain requested instructions raise no question for consideration by this court where it does not affirmatively appear that the requests to charge were presented to the court before the jury had retired to consider their verdict, has held that averments that a "written timely request" was made, or that a request was made in writing "in ample time for the court to consider it," or that "movant requested the court to give said charge to the jury in ample time," are mere conclusions of the pleader and do not come up to the rule, *Keese v. Mize,* 27 Ga. App. 666 (4) (110 SE 417), *Dixon v. Sol Loeb Co.,* 31 Ga. App. 165 (12) (120 SE 31), *Seaboard Air-Line R. Co. v. D'Avignon,* 39 Ga. App. 113 (146 SE 518), *Trammell v. Shirley,* 38 Ga. App. 710, 714 (145 SE 486), *Millirons v. State,* 41 Ga. App. 371 (1) (153 SE 101), it appears that these rulings are in conflict with a decision of the Supreme Court of this State in *Smith v. Satilla Pecan Orchard & Stock Co.,* 152 Ga. 538 (7) (110 SE 303), which holds that "an averment in the motion for new trial that 'the court refused the timely written request of the plaintiff to charge the jury as follows,' properly construed, means that the request was presented before the jury retired to consider their verdict." It follows that the Court of Appeals cases above referred to

are not controlling in the present case. However, an assignment of error which merely states that the court erred in refusing to give in charge to the jury a designated written timely request, but which does not point out wherein the court's refusal to charge as requested was error, is incomplete and fails to present any question for determination. *Smallwood v. Pollard*, 54 Ga. App. 617, 618 (6) (188 SE 594); *Haire v. State*, 89 Ga. App. 629 (80 SE2d 497). Upon application of this latter ruling to grounds 1, 2, 4, 5 and 6 of the amendment to the motion for new trial, it must be held that these grounds are not sufficient to present any question for consideration by this court.

■ The charge of the court relating to the statement of the defendant, complained of in ground 3 of the amendment to the motion for new trial, was not error for any reason assigned.

■ The evidence was sufficient to authorize the verdict, and the trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Nichols, P. J., and Eberhardt, J., concur.*

SUBMITTED APRIL 6, 1965—DECIDED APRIL 16, 1965—
REHEARING DENIED APRIL 28, 1965.

*Aaron Kravitch, John Wright Jones,* for plaintiff in error.
*Andrew J. Ryan, Jr., Solicitor General, Robert E. Barker,* contra.